JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Chester J Chalupowski, Jr
Malgorzata B Chalupowski

### DEFENDANTS
John C Stevens, III

(b) County of Residence of First Listed Plaintiff: **ESSEX**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **ESSEX**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number): Pro Se

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

(Place an "X" in One Box for Plaintiff and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  |  |  | ☐ 810 Selective Service |
|  | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) |  |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  | ☐ 530 General |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 871 IRS—Third Party 26 USC 7609 |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  |  | ☐ 550 Civil Rights |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☒ 440 Other Civil Rights |  |  |  |

### V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Civil rights violation - Title 42, US § 1983

Brief description of cause:

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: 1-5-05   SIGNATURE OF ATTORNEY OF RECORD: _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _CHESTER CHALUPOWSKI v. JOHN STEVENS_

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _✓_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
            *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   _CHESTER CHALUPOWSKI v. PETER C. DIGANGI_

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ___   NO _✓_

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES ___   NO _✓_

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ___   NO ___

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES ___   NO ___

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   YES ___   NO ___

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      _EASTERN DIVISION_   CENTRAL DIVISION   WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION   CENTRAL DIVISION   WESTERN DIVISION

(PLEASE TYPE OR PRINT) _PRO SE_
ATTORNEY'S NAME _CHESTER and MALGORZATA CHALUPOWSKI_
ADDRESS _119 WATER ST. #65, Beverly, MA 01915_
TELEPHONE NO. _978-921-4945_

(Cover sheet local.wpd - 11/27/00)

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
                                       CIVIL DOCKET No.

                                       05  10023 NMG
CHESTER J. CHALUPOWSKI, Jr.
MALGORZATA B. CHALUPOWSKI
          Plaintiffs



v.
                                    MAGISTRATE JUDGE RBC

JOHN C. STEVENS, III, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY OF THE
CHIEF JUSTICE OF THE PROBATE AND       RECEIPT # 61251
FAMILY COURT OF ESSEX COUNTY           AMOUNT $150
          Defendant                    SUMMONS ISSUED YES
                                       LOCAL RULE 4.1
                                       WAIVER FORM
                                       MCF ISSUED
                                       BY DPTY CLK Fow
                                       DATE 1/6/05
```

**VERIFIED COMPLAINT**

JURISDICTIONAL BASIS

1. Plaintiffs claim federal jurisdiction pursuant to Article III, Paragraph 2, which extends the jurisdiction to cases arising under the U.S. Constitution.

2. Plaintiffs bring this suit pursuant to Title 42 U.S. Code, Paragraph 1983 for violations of certain protections guaranteed to them by the First, Fifth, Eight, and Fourteenth Amendments of the Federal Constitution, by the Defendant under color of law in his capacity as a judge in the Probate and Family Court of Essex County.

1

**PARTIES**

3. Plaintiffs, Chester J. Chalupowski, and Malgorzata B. Chalupowski, MD, PhD, husband and wife, are natural persons residing at 119 Water Street, #65, in Beverly, Massachusetts.

4. Defendant, John C. Stevens, III, is a Judge presiding at the Probate and Family Court of Essex County.

**INTRODUCTION**

5. This case arises from the Defendant's role in a protracted vexatious litigation resulting from over a dozen lawsuits filed on behalf of a mentally impaired woman (suffering from a paranoid personality disorder confounded by alcoholism), Donna Chalupowski of Salem, Massachusetts, against every member of her immediate family; her 85-year-old mother, Mary Jane Chalupowski, her sister, Judith Chalupowski-Venuto, and her brother Chester J. Chalupowski, Jr.

6. The unending string of lawsuits started in 1993, when Donna Chalupowski was advised to sue her brother, Chester, when he and their mother, Mary Jane, executed an annuity agreement regarding liquid assets held by Mary Jane in several bank accounts. The case against Chester was filed with the Essex Superior Court, with

2

Donna as a plaintiff –"next friend" for Mary Jane, despite the fact that Mary Jane was neither a minor, nor an incompetent individual.

7. Faced with a possible dismissal of the Superior Court action due to lack of standing, in February 1994, Donna Chalupowski filed with the Essex Probate Court a petition seeking to have Mary Jane (a vivacious, fully cognizant elderly lady) declared incompetent.

8. Two more Probate Court actions filed by Donna Chalupowski in November 1995, and January 1996, against her mother, Mary Jane, were accompanied by yet another Superior Court action filed by Donna Chalupowski against her mother, Mary Jane, and her sister, Judith, in October 1995.

9. After losing all three Probate Court actions (on July 3, and October 30, 1996), voluntarily dismissing her first Superior Court action (on September 11, 1996), and abandoning her second Superior Court action (dismissed on August 7, 1997), Donna Chalupowski shifted the focus of her attacks against her family members to the venue of the District Court in Salem. Here she had managed to obtain and maintain for years numerous restraining orders against her family members.

3

10. While enjoying the 'benefits' of the variety of her restraining orders (e.g. free accommodation at the family trust premises for herself and third parties), in December 2000, Donna Chalupowski started filing a second series of her vexatious, repetitious lawsuits against her family members. Two new lawsuits filed on December 26, 2000, were followed by one more new action filed on January 5, 2001, and yet another one filed on February 22, 2001.

**STATEMENT OF CASE**

11. On December 14, 2001, Defendant, in his official capacity as Justice of the Probate and Family Court of Essex County, issued an order on the four cases listed above. By said order three[1] out of the four cases were dismissed, while only one[2] remained pending for a trial.

12. In the late December 2001, Donna Chalupowski, (through her attorney, Joseph P. Corona, representing her in all actions ever filed on her behalf) filed notices of appeal in regard to the three dismissed cases.

---

[1] The three dismissed cases pertained to the Chalupowski family real assets (two multifamily buildings) held in a realty trust.
[2] The only **not** dismissed case pertained to the Chalupowski family liquid assets (approximately $170,000.00 invested with Fidelity Investments) held in a 'money' trust.

4

13. Despite the fact that Defendant was fully aware (the December 14, 2001 order was issued by him), that the three cases were dismissed and appealed, the Defendant and Probate Court continued to treat the dismissed and appealed cases as if they were pending before the trial court.

14. Filing a notice of appeal divests a trial court of jurisdiction over matters related to appeal. Therefore, throughout the time between January 2002 and present, the Essex County Probate and Family Court, as well as the Defendant in his capacity of the Chief Justice of said Court, were devoid of the subject-matter jurisdiction over the matters which were the subject of the three dismissed cases.

15. Nevertheless, Defendant continued to accept pleadings filed under four docket numbers, held hearings pertaining to matters related to the dismissed cases, and issued numerous orders (including those by which guardians at litem were appointed for extended periods of time without proper basis in statutory or case law) under four docket numbers and pertaining to matters related not only to the case which was in fact pending, but also to the matters dismissed and subject of the appeals.

16. Any actions undertaken by the Plaintiff, Chester Chalupowski, pro se or through counsel, in an effort to clarify the court record and to limit the court proceedings to the matters related to the only pending case, were stifled, suppressed and/or ridiculed by the Defendant and other officers of the court.

17. The confusion created by the seeming simultaneous pendency of four overlapping cases (one in fact pending, and three dismissed in December 2001) caused undue hardship, and resulted in various damages suffered by the Plaintiff, Chester J. Chalupowski and his family.

18. The intentionally manufactured complexity of the ongoing litigation made it difficult for the Plaintiff, Chester J. Chalupowski, to retain and maintain effective counsel. The ongoing complicated and confusing court proceedings jeopardized Plaintiff's quality of life and carrier opportunities, as well as had detrimental effect on Plaintiff's ability to adequately manage the family estate. The intentionally imposed hardship was in turn used to cast false and slanderous accusations against the Plaintiff, Chester Chalupowski.

19. In or around November 2003, Defendant recused himself from dealing with the Chalupowski matter. He left, however, the ongoing enterprise - a conglomerate of cases (a mixture of one pending case and three dismissed) in the hands of a successor judge, Peter C. DiGangi, and a group of lawyers at that time actively engaged in the matter.

20. Defendant's ongoing failure to correct the court record so as it adequately reflected the fact that the three cases were dismissed, constitutes a violation of M.G.L. Chapter 217: Section 11.

21. By not correcting the court record, Defendant actively maintained and concealed numerous plainly criminal actions committed by the attorneys involved in the Probate Court litigation. These actions include, but are not limited to the following: multiple instances of perjury, extortion, fraud on the court, tampering with court records, and obstruction of justice. In this regard, Defendant's failure to address the wrongdoings of lawyers appearing before him may amount to aiding and abetting, or misprision of felony.

22. Consequently, in March 2004, the opposing counsel, knowingly acting on dismissed cases, subpoenaed

Plaintiffs' bank records. After finding out that the value of their holdings was over to $400,000.00, the lawyers 'adjusted' the range of their false accusations (and the 'price tag' of their services) to match exactly the amount of funds available in the Plaintiffs' accounts.

23. Despite the fact that evidence was provided that over $280,000.00 of Chester's and Malgorzata's funds came from refinancing of two properties belonging to Chester ($160,000.00) and Malgorzata ($120,000.00) Chalupowski, a flurry of false unsubstantiated accusations followed claiming that the money must have been "embezzled" or "stolen" from the Chalupowski family trusts.

24. Between May 11 and May 23, 2004, while knowingly acting on dismissed cases, the opposing counsel obtained a series of court orders by which they gradually wrested the control of the Chalupowski family assets from Chester Chalupowski, the settlor and the trustee of both family trusts.

25. On May 14, 2004, while acting on dismissed cases, the opposing counsel obtained a capias for Plaintiff's, Chester Chalupowski's, arrest, which they misrepresented to the Essex County Sheriff's

Department as a bench warrant. Consequently, Plaintiff was arrested at or around 6:00 PM at his residence, and spent the weekend of May 14, 2004, (over 64 hours) in the Middleton Penitentiary.

26. On May 17, 2004, Chester Chalupowski was released after paying $1,500.00 in fines. He was ordered to make out his check to the "Judge of the Essex Probate Court." Said check was endorsed by the Defendant, but the funds were never submitted to the Commonwealth, which is a violation of M.G.L. Chapter 29A: Section 3.

27. On May 24, 2004, a trial on four cases (one pending, and three dismissed in December 2001) commenced at the Essex Probate and Family Court in Salem. After being interrogated for the whole day of May 24, 2004, by the Court re-trying cases dismissed in December 2001 and pending on appeal, the following morning, May 25, 2004, Chester Chalupowski filed pro se his application for temporary restraining order with the Appeals Court. The application was denied.

28. On August 17, 2004, a 26-page Order was issued by the Essex Probate and Family Court pertaining to all four cases, one pending and three dismissed in December 2001. Said Order was not only issued without subject-matter jurisdiction in regard to the matters dismissed

9

in December 2001, but was also based on false accusations and fraudulent statements made by opposing counsel. Said accusations were accepted by the Court despite the fact that prima facie evidence contradicting all of the false accusations was readily available in the Court record.

29. On August 31, 2004, an ex parte attachment of over $400,000.00 of personal funds belonging to Chester and Malgorzata Chalupowski was issued by the Essex Probate and Family Court still acting without jurisdiction on matters dismissed in December 2001.

30. The Plaintiffs were never formally notified by the Court about the ex parte attachment of their assets, and learned about it on September 10, 2004, while trying to use their check card to pay for their groceries and gas.

31. As a result of Defendant's numerous acts undertaken without subject-matter jurisdiction, the group of court officers wrested from the Plaintiff, Chester Chalupowski,[3] the control of his family estate consisting of two trusts (Realty Trust and Money Trust) worth over $2,000.000.00.

---

[3] The settlor and original trustee of both family trusts.

32. As a result of Defendant's numerous acts undertaken without subject-matter jurisdiction, the group of court officers seized, liquidated, and distributed among themselves over $400,000.00 of personal assets belonging to Chester and Malgorzata Chalupowski.

33. As a result of Defendant's numerous acts undertaken without subject-matter jurisdiction, the Plaintiffs, Chester and Malgorzata Chalupowski, suffered serious monetary damages, emotional trauma, aggravated health problems, loss of professional and investment opportunities, and severe damage to their reputation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray this Honorable Court issue equitable relief as follows:

1. Issue declaratory relief declaring void all orders and judgments issued by the Defendant or subordinate justices of the Essex Probate and Family Court outside of the jurisdiction of said Court.
2. Issue injunctive relief as this Court deems appropriate and just.

3. Issue other relief as this Court deems proper and just.

4. Award Plaintiffs their costs of litigation.

**JURY DEMAND**

The Plaintiffs hereby demand a trial by jury on all claims and issues so triable.

Respectfully submitted Pro Se

_(signature)_  
Chester J. Chalupowski, Jr.  
119 Water Street, #65  
Beverly, MA 01915  
(978) 921 4945

_(signature)_  
Malgorzata B. Chalupowski

January 5, 2005

**STATEMENT OF VERIFICATION**

We have read the above complaint and it is correct to the best of our knowledge.

_(signature)_  
Chester J. Chalupowski

_(signature)_  
Malgorzata B. Chalupowski

Dated: January 5, 2005

12