FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS 2005 FEB -2  P 3: 35

U.S. DISTRICT COURT
DISTRICT OF MASS

C.A. No. 05-10023-NMG

---

CHESTER J. CHALUPOWSKI, JR., and
MALGORZATA B. CHALUPOWSKI,

                          Plaintiffs,

v.

JOHN C. STEVENS, III, Individually and in his
official capacity as the Chief Justice of the
Probate and Family Court of Essex County,

                          Defendant.

---

## MOTION FOR ORDER OF CONSOLIDATION

The Defendant John C. Stevens, III, the First Justice of the Massachusetts Probate and Family Court, hereby moves for an order pursuant to Fed. R. Civ. P. 42(a) consolidating this action with an action filed in this district by the plaintiffs against Probate and Family Court Judge Peter C. DiGangi, <u>Civil Action No. 05-10024</u>. Rule 42(a) provides that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

As grounds for this motion, defendant states that there exist common questions of law and fact to the actions; this action was filed first; plaintiffs' claims in the separate action could be asserted herein; and judicial economy is enhanced by such consolidation. Even a cursory review of the complaints in the two actions demonstrates that they present common questions of

law and fact. In fact, the complaints are virtually identical. The complaints allege a series of errors on the parts of Judge Stevens and Judge DiGangi in their handling of certain litigation involving the plaintiffs in the Essex County Probate and Family Court. Plaintiffs have brought actions against both judges because they each presided over the same litigation at different times. According to the plaintiffs, Judge Stevens presided over the matters until approximately November, 2003, at which time he recused himself. Stevens Complaint at ¶ 19; DiGangi Complaint at ¶ 15. Thereafter, Judge DiGangi was assigned to the cases. Stevens Complaint at ¶ 19; DiGangi Complaint at ¶ 15. According to the plaintiffs, after he assumed jurisdiction over the litigation, Judge DiGangi "continued the charade instituted by his predecessor ...." DiGangi Complaint at ¶ 17.

Because the two complaints rely on a common nucleus of facts, present the same legal issues, and seek the same relief, this Court should enter an order consolidating the two actions.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

David Hadas, BBO No. 641294
Assistant Attorney General
Government Bureau
One Ashburton Place, Rm. 2019
Boston, MA 02108-1698
(617) 727-2200, ext. 2085

Date: February 1, 2005

---

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand)

on 2/1/05 .

2