UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL DOCKET #05-10023-NMG


CHESTER J. CHALUPOWSKI, Jr.
MALGORZATA B. CHALUPOWSKI
                    Plaintiffs

v.


JOHN C. STEVENS, III, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY OF THE
CHIEF JUSTICE OF THE PROBATE AND
FAMILY COURT OF ESSEX COUNTY
                    Defendant


## PLAINTIFFS' OPPOSITION TO
## DEFENDANT'S MOTION FOR ORDER OF CONSOLIDATION

The Plaintiffs, Chester and Malgorzata Chalupowski,

hereby oppose Defendant's Motion for Order of

Consolidation, in which Defendant asks this Court to

consolidate the action at hand with an action filed by the

Plaintiffs against Peter C. DiGangi, Associate Justice of

Essex Probate and Family Court. While under normal

circumstances consolidation of two actions involving "a

common question of law or fact" would be appropriate, in

the case at hand Plaintiffs oppose the consolidation for

the following reasons:

1. Potential, if not actual, conflict of interest exists

    between the two Defendants. Therefore, it would be in

1

the best interest of justice and the parties involved

that the two actions remained separate.

2. Due to the conflict of interest, the two actions not

only should not be consolidated, but the two

Defendants should be required to be represented by two

separate counsel.

3. In the matter at hand, there exists yet another layer

of conflict of interest due to the fact that in April

2003, the Plaintiffs, Chester and Malgorzata

Chalupowski, sought intervention and ever since have

been in correspondence with the Office of the Attorney

General for the Commonwealth of Massachusetts in

regard to the issues which are the subject matter of

the two U. S. District Court actions, which Defendant

now seeks to consolidate. The prior working

relationship between the Plaintiffs and the Office of

Attorney General in regard to the matter at hand

creates an actual conflict of interest. Said conflict

of interest may preclude the Office of Attorney

General from providing unbiased representation of the

two Defendants in the two U.S. District Court actions,

05-10023-NMG and 05-10024-RGS.

4. In addition, in the light of quite puzzling chronology

of events related to another action brought by the

2

Plaintiffs in this Court, 04-1127-GAO,[1] the Plaintiffs find it extremely important that the two current cases are handled individually, and independently, by two District Court Judges.

FOR THE FOREGOING REASONS, the Plaintiffs respectfully request that this Court:

A. Deny Defendant's Motion for Order of Consolidation;

B. Order the Defendants in the two actions to be represented by separate counsel;

C. Take judicial notice of the conflict of interest described in details in paragraph #3 of the instant opposition;

D. Grant the Plaintiffs such other relief as this Court deems proper and just.

Respectfully submitted Pro Se

Chester and Malgorzata Chalupowski
119 Water Street, #65
Beverly, MA 01915
(978) 921 4945

---

[1] In said action, the complaint and summons were served on September 9, 2004, and judgment of dismissal was entered on September 10, 2004, while the defendant failed to provide her response to the plaintiffs. The case is now on appeal. For details, please see *Exhibit A* attached hereto.

CERTIFICATE OF SERVICE

We, Chester and Malgorzata Chalupowski, hereby certify that
on this date a true copy of the foregoing document was
served be delivery upon the attorney of record for each
party.


Chester Chalupowski                        Malgorzata Chalupowski



Dated: February 11, 2005

4

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Docket #04-11277-GAO

CHESTER J. CHALUPOWSKI, Jr. et al.
            Plaintiffs

v.


JANIS M. BERRY, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY
AS ASSOCIATE JUSTICE OF THE
APPEALS COURT OF MASSACHUSETTS
            Defendant


PLAINTIFFS' MOTION TO REMOVE DEFAULT JUDGMENT
ISSUED BY THIS COURT ON SEPTEMBER 10, 2004 (O'TOOL, J.)
PURSUANT TO RULE 60 (b) (6) of FEDERAL RULES OF CIVIL
PROCEDURE

Now come Chester and Malgorzata Chalupowski, the

Plaintiffs in the above captioned matter, and move this

Honorable Court to remove default judgment entered by this

Court on September 10, 2004. As reasons for their motion

Plaintiffs state as follows:

1. Plaintiffs filed the above captioned complaint with

   this Court on June 8, 2004.

2. Plaintiffs served their Complaint on the Defendant and

   the Office of Attorney General of the Commonwealth of

   Massachusetts on September 9, 2004. True and accurate

   copies of Return of Service are attached hereto as

   Exhibits 1 and 2.

1

3. Plaintiffs did not receive Defendant's response within 20 days after service as required by statue.

4. On October 29, 2004, Plaintiffs filed their motion asking the court to enter a default judgment against the Defendant due to Defendant's failure to respond to the Complaint in a timely manner, as required by Rule 12 (1) (A) of federal Rules of Civil Procedure.

5. On November 23, 2004, Plaintiffs received a copy of a Notice of Electronic Filing, indicating that their complaint was dismissed on September 10, 2004 - which is one day after the Complaint was served on the Defendant.

6. While reviewing the case file at the U.S. District Court Clerks Office, Plaintiffs discovered a copy of Defendant's response to their Complaint dated August 4, 2004 - almost a month before the complaint was actually served on the Defendant.

7. Plaintiffs were never provided a copy of Defendant's response, nor did they ever expect to receive any response before they served their Complaint on the Defendant on September 9, 2004.

8. Plaintiffs are puzzled by the chronology of events related to their complaint.

2

9. Therefore, the Plaintiffs respectfully request this court vacate the judgment of dismissal entered on September 10, 2004, to allow Plaintiffs to try their case on its merits.

10. Plaintiffs respectfully request a hearing on their instant motion.


Respectfully submitted Pro Se



Chester J. Chalupowski, Jr.        Malgorzata Chalupowski
119 Water Street, #65
Beverly, MA 01915
(978) 921 4945




## Certificate of Service

We, Chester and Malgorzata Chalupowski, hereby certify that on this date a true copy of the foregoing motion was served via first class mail postage prepaid and registered mail, returned receipt requested, on attorney of record for the Defendant.



Chester J. Chalupowski, Jr.        Malgorzata Chalupowski



Dated: January 7, 2005

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 04-CV-11277-GAO

CHESTER J. CHALUPOWSKI, Jr., Individually
and as Trustee and Beneficiary of the Chalupowski
Family Trust and 26-30 Andrew Street Realty
Trust, and MALGORZTA B. NABIALVZYK,

Plaintiffs,

v.

JANIS M. BERRY, Individually and in her
Capacity as Associate Justice of the Massachusetts
Appeals Court,

Defendant.

JUSTICE BERRY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMOVE DEFAULT

For the reasons set forth in her August 4, 2004, Motion to Dismiss, Justice Berry hereby

opposes the plaintiffs' January 7, 2005, Motion to Remove Default Judgment.

Respectfully submitted,

JANIS M. BERRY,
By her attorney,

THOMAS F. REILLY
ATTORNEY GENERAL



Juliana deHaan Rice, BBO 564918
Assistant Attorney General
Office of the Attorney General
One Ashburton Place
Boston, MA  02108
(617) 727-2200, ext. 2062

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above
document was served upon the attorney of
record for each other party by mail by hand)

on  1/11/05  .

Date:    January 11, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Civil Docket: 04-11277-GAO


CHESTER J. CHALUPOWSKI, Jr. et al.
                    Plaintiffs

v.


JANIS M. BERRY, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY
AS ASSOCIATE JUSTICE OF THE
APPEALS COURT OF MASSACHUSETTS
                    Defendant


PLAINTIFFS' RESPONSE TO DEFENDANT'S OPPOSITION
TO PLAINTIFFS'MOTION TO REMOVE DAFAULT JUDGMENT


Now come Chester and Malgorzata Chalupowski, the Plaintiffs
in the above captioned matter and responding to the
Defendant's opposition to their motion to remove default
state as follows:

1. Defendant's pleading filed in opposition to the

   Plaintiffs' motion to remove default does not rise to

   the level of an opposition to said motion. Defendant's

   pleading does not specify any reasons why Plaintiffs'

   motion to remove default judgment should not be

   allowed.

2.  Defendant's pleading does not address any of the issues presented in the Plaintiffs' motion. Instead, Defendant resorts to arguing the merits of the case by directing the Court's attention to the Defendant's motion to dismiss allegedly filed on August 4, 2004.

3.  Argument pertaining to the merits of the case is not the subject matter of the motion at hand.

4.  While Plaintiffs wish to reserve their rights to argue the case on merits at the appropriate time, at this juncture, Plaintiffs want to address one procedural issue brought up in the Defendant's pleading dated August 4, 2004, in the *statement pursuant to LR 7.1 (A)(2)*. Plaintiffs question Defendant's assertion that *Local Rule 7.1 (a) (2)* does not apply when the non-moving party is acting pro se. The language of said rule states, "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." Defendant claims that the word *"counsel"* used in this rule limits the rights of pro se litigants, and means that the Rule 7.1 (a) (2) does not apply when the non-moving party acts pro se. Pursuant to this false assumption, Defendant requested a *"dispensation from the ordinary duty to confer imposed by Local Rule 7.1*

2

(A) (2)." Plaintiffs respectfully oppose Defendant's request.

5. Plaintiffs wish to reiterate that they did not receive any of the Defendant's pleadings dated August 4, 2004, nor did they ever expect to receive any response from Defendant <u>before</u> September 9, 2004, when their complaint was in fact served.

6. The default judgment against the Plaintiffs dated September 10, 2004, was entered without any notice, whatsoever, to the Plaintiffs. According to the Fed. R. Civ. P., Rule 55 (b) (2), "If the party against whom judgment by default is sought has appeared in the action, the party [...] shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."

7. Plaintiffs received no notice of the hearing, which apparently took place on September 10, 2004. The Judgment dated September 10, 2004, states as follows: "This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered." Plaintiffs are not aware that the hearing referred to in the September 10, 2004 Judgment took place.

## REQUEST FOR ORAL ARGUMENT

8. Considering the peculiar sequence of events pertaining
to their complaint, Plaintiffs respectfully request
that their motion to remove default judgment be set
down for hearing at such time as this Honorable Court
deems proper.


Respectfully submitted Pro Se


Chester J. Chalupowski, Jr.       Malgorzata B. Chalupowski
119 Water Street, #65
Beverly, MA 01915
(978) 921 4945


Dated: January 18, 2005


## CERTIFICATE OF SERVICE

We, Chester and Malgorzata Chalupowski, hereby certify that
on this date a true copy of the foregoing document was
served upon the attorney of record for the Defendant by
first class mail, postage prepaid, and by certified mail,
returned receipt requested.



Chester J. Chalupowski, Jr.       Malgorzata B. Chalupowski


January 18, 2005

4

## Orders on Motions

<u>1:04-cv-11277-GAO</u> Chalupowski et al v. Berry **CASE CLOSED on 09/10/2004**

### United States District Court

### District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Lyness, Paul entered on 1/19/2005 at 12:22 PM EST and filed on 1/19/2005

**Case Name:**   Chalupowski et al v. Berry
**Case Number:**   <u>1:04-cv-11277</u>
**Filer:**
**WARNING: CASE CLOSED on 09/10/2004**
**Document Number:**

**Docket Text:**
Judge George A. O'Toole Jr.: ElectronicORDER entered denying [7] Motion to Remove Default Judgment issued by this Court on September 10, 2004 pursuant to rule 60 (b)(6) of FRCP (Lyness, Paul)

The following document(s) are associated with this transaction:

**1:04-cv-11277 Notice will be electronically mailed to:**

Juliana deHaan Rice    Juliana.Rice@ago.state.ma.us, AdlawEFilings@ago.state.ma.us

**1:04-cv-11277 Notice will not be electronically mailed to:**

Chester J. Chalupowski, Jr

,

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Civil Docket: 04-11277-GAO

CHESTER J. CHALUPOWSKI, Jr. et al.
Plaintiffs

v.

JANIS M. BERRY, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY
AS ASSOCIATE JUSTICE OF THE
APPEALS COURT OF MASSACHUSETTS
Defendant

FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT
DISTRICT OF MASS.
2005 JAN 28 P 2:29

## NOTICE OF APPEAL

Notice is hereby given that Chester and Malgorzata Chalupowski, Plaintiffs in the above named case, hereby appeal to the United States Court of Appeals for the First Circuit from the Order entered in this action on the 19th day of January 2005.

Chester J. Chalupowski, Jr. Pro Se
Malgorzata Chalupowski, Pro Se
119 Water Street, #65
Beverly, MA 01915
(978) 921 4945

January 28, 2005