FILED
IN CLERK'S OFFICE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

2005 FEB 22 P 3: 47

U.S. DISTRICT COURT
DISTRICT OF MASS.

C.A. No. 05-10023-NMG

CHESTER J. CHALUPOWSKI, JR., and
MALGORZATA B. CHALUPOWSKI,

                           **Plaintiffs,**

v.

JOHN C. STEVENS, III, Individually and in his
official capacity as the Chief Justice of the
Probate and Family Court of Essex County,

                           **Defendant.**

## DEFENDANT JOHN C. STEVENS, III'S MOTION TO DISMISS

This Court should reject Plaintiffs' attempt to seek this Court's review and reversal of a Massachusetts state court's orders and judgments. The facts alleged in the complaint arise out of Probate Court Chief Judge John C. Stevens, III's handling of certain litigation in which Plaintiffs were parties. The Plaintiffs seek a declaratory judgment voiding all orders and judgments issued by Judge Stevens and "subordinate justices of the Essex Probate and Family Court" in that litigation, injunctive relief, and their costs of litigation. See Complaint at pp. 11-12. The complaint should be dismissed because (1) this Court lacks subject-matter jurisdiction to sit in

direct review of state-court judgments; and (2) Judge Stevens is absolutely immune from suit.[1]

## FACTUAL BACKGROUND[2]

Judge Stevens is the First Justice of the Massachusetts Probate and Family Court (the "Probate Court") in Essex County. According to the complaint, Judge Stevens presided over four separate actions brought against the Plaintiffs and other family members by Plaintiff Chester Chalupowski's sister, Donna Chalupowski. Complaint at ¶¶ 10-11. Although the precise nature of the litigation is unclear from the complaint, it is generally described as an intra-family contest for control of certain assets held in trust. Id. at ¶ 11, n. 1, 2 (describing dispute as concerning "the Chalupowski family real assets (two multifamily buildings) ... held in a realty trust" and "the Chalupowski family liquid assets ... held in a separate 'money' trust."). The Plaintiffs allege error on the part of Judge Stevens in his handling of this litigation. Most prominent among the alleged errors is that Judge Stevens continued to preside over certain actions that he himself had previously dismissed. Id. at ¶¶ 11-16. By continuing to preside over these matters, Judge Stevens, according to the Plaintiffs, "actively maintained and concealed numerous plainly criminal actions committed by the attorneys involved in the Probate Court litigation, ... includ[ing] ... multiple instances of perjury, extortion, fraud on the court, tampering with court records, and obstruction of justice." Id. at ¶ 21.

---

[1] The Plaintiffs have also filed an action in this Court against Judge Peter C. DiGangi related to the same underlying litigation in the Massachusetts Probate Court. See Chalupowski v. DiGangi, C.A. 05-10024-RGS. Currently pending before this Court is Judge Stevens' motion to consolidate the two actions.

[2] Judge Stevens makes no admissions with respect to the allegations contained in the complaint. For purposes of this Motion to Dismiss, however, the Court should accept the allegations as true. Berner v. Delahanty, 129 F.3d 20, 23 (1st Cir. 1997).

2

According to Plaintiffs, in or around November, 2003, Judge Stevens recused himself from further presiding over the relevant cases. Id. at ¶ 19. Nevertheless, Plaintiffs fault Judge Stevens for leaving "the ongoing enterprise - a conglomerate of cases ... in the hands of a successor judge ... and a group of lawyers at that time actively engaged in the matter." Id. Following Judge Stevens' recusal, the Plaintiffs complain that they became the subject of "a flurry of false unsubstantiated accusations ... claiming that the [funds in their possession] must have been 'embezzled' or 'stolen' from the Chalupowski family trusts." Id. at ¶ 23. Plaintiffs also claim that Chester Chalupowski was wrongly arrested and fined $1,500 during the course of the proceedings in the Probate Court. Id. at ¶¶ 25-26. Finally, Plaintiffs complain that the orders issued by Judge Stevens (as well as the Probate Court Judge who succeeded him) allowed a "group of court officers [to] wrest[] from ... Chester Chalupowski (the settlor and original trustee of both family trusts), the control of his family estate consisting of two trusts ... worth over $2,000,000." Id. at ¶ 31.[3]

## ARGUMENT

I.  **Plaintiff's Complaint Should Be Dismissed Pursuant To Fed. R. Civ. P. 12(b)(1) And 12(h)(3) For Lack Of Subject-Matter Jurisdiction Under The <u>Rooker-Feldman</u> Doctrine.**

The Plaintiffs' complaint should be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) and 12(h)(3) because the Plaintiffs have failed to state a basis for federal court

---

[3]   This is not the first time the Plaintiffs have sued a sitting state court judge in federal court in response to adverse rulings issued by the state court. See Chalupowski v. Berry, C.A. 04-11277-GAO (D. Mass.). In Chalupowski v. Berry, this Court dismissed the complaint brought by Plaintiffs against Janis M. Berry, Associate Justice of the Massachusetts Appeals Court. A copy of the Court's dismissal is attached hereto as Exhibit A. The Plaintiffs have appealed that ruling to the Court of Appeals for the First Circuit. See Exhibit B.

jurisdiction. See Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995) (burden of showing jurisdiction lies with party invoking jurisdiction). The standards for reviewing motions under Rule 12(b)(1) and 12(h)(3), similar to those under Rule 12(b)(6), require the Court to "construe the [c]omplaint liberally and treat all well-pleaded facts as true, according the plaintiffs the benefit of all reasonable inferences." Id. Even under this lenient standard, the complaint should be dismissed for lack of jurisdiction because the Rooker-Feldman doctrine bars the Court from reviewing state-court judgments.[4]

The gravamen of the Plaintiffs' complaint is the propriety of various orders and judgments issued by Judge Stevens while presiding over certain cases in the Probate Court. For example, the Plaintiffs contend that Judge Stevens erred when he allowed the Plaintiffs' litigation opponents to commit "multiple instances of perjury, extortion, fraud on the court, tampering with court records, and obstruction of justice." Complaint at ¶ 21. Plaintiffs also apparently fault Judge Stevens for accepting their opponents' "false [and] unsubstantiated accusations ... claiming that [funds in their possession] must have been 'embezzled' or 'stolen' from the Chalupowski family trusts." In other words, Plaintiffs complain that Judge Stevens, as well as the Probate Court Judge who succeeded him, issued rulings against them and in favor of their opponents. As a remedy for these alleged errors, Plaintiffs ask that this Court issue a declaratory judgment declaring all orders and judgments issued by Judge Stevens to be void. Id. at p. 11, Prayer 1. Plaintiffs' complaint is no more than an attack on the merits of Judge Stevens'

---

[4] As discussed, infra, the Rooker-Feldman doctrine is derived from two decisions of the United States Supreme Court, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

orders and judgments.

As such, the complaint must be dismissed as outside the jurisdiction of this Court. It is well settled under the doctrine established in Rooker v. Fidelity Trust Co., 263 U.S. at 416 and District of Columbia Court of Appeals v. Feldman, 460 U.S. at 476, 482, 486, that the "lower federal courts have no power whatever to sit in direct review of state court decisions." Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 296 (1970). The federal district courts lack such jurisdiction "even if those challenges allege that the state court's action was unconstitutional." Feldman, 460 U.S. at 486; accord Shepherdson v. Nigro, 5 F.Supp.2d 305, 308 (E.D. Pa. 1998) (to establish injury, plaintiff would have to show that the violation of an independent due process right caused an erroneous adverse decision to be made and this is precluded by the Rooker-Feldman doctrine); McInerney v. Garcia, 1998 WL 283574 (N.D. Cal. 1998) (unpublished decision) ("[p]laintiff's attempt to recharacterize actions by the defense counsel and the judge in that case as an 'extra-judicial' 'conspiracy' does not change the fact that the present case amounts to a federal appeal of a state judgment . . .").[5]

The Court of Appeals for the First Circuit has applied the Rooker-Feldman doctrine on numerous occasions. See, e.g., Henry v. Connolly, 910 F.2d 1000, 1002 (1st Cir. 1990); Lancellotti v. Fay, 909 F.2d 15, 17 (1st Cir. 1990); Bricker v. Crane, 468 F.2d 1228, 1231 (1st Cir. 1972). In Lancellotti, the Court of Appeals for the First Circuit applied Rooker-Feldman to bar a request for relief from a state trial court's interlocutory order in "matrimonial litigation." 909 F.2d at 16-17. Affirming dismissal of the action, the First Circuit noted that the "federal

---

[5] A copy of the McInerney v. Garcia decision is attached hereto as Exhibit C.

district court is without authority to review final determinations of [a state court] in judicial proceedings." Id. (quoting Feldman, 460 U.S. at 476). Because the Plaintiffs are, in essence, attacking the final decisions rendered in the Probate Court, dismissal of this case under the Rooker-Feldman doctrine is wholly appropriate.

## II. The Plaintiffs' Complaint Should Be Dismissed For Failure To State A Claim Upon Which Relief May Be Granted, Fed. Rule Civ. P. 12(b)(6), Because Absolute Judicial Immunity Bars This Action.

The Plaintiffs' complaint should also be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Dismissal for failure to state a claim is required if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Reading the complaint in the light most favorable to the Plaintiffs, it should be dismissed because absolute judicial immunity bars the Plaintiffs from seeking either monetary or injunctive relief against Judge Stevens. It is axiomatic that any judicial officer, acting within the scope of his or her judicial function, is absolutely immune from civil liability. Burns v. Reed, 500 U.S. 478, 498-502 (1991) (absolute judicial immunity applies when a judge is engaged in the "performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights."); accord Stump v. Sparkman, 435 U.S. 349, 357 (1978). Furthermore, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump, 435 U.S. at 357; accord Ackermann v. Doyle, 43 F.Supp. 2d 265, 271 (E.D.N.Y. 1999) ("[B]ecause the rule of absolute immunity was designed to protect the integrity

of the judicial process, by allowing judges to 'be at liberty to exercise their functions with independence and without fear of consequences,' the rule applies even where the judge is accused of acting maliciously or corruptly ....") (internal citations omitted). It is clear from the complaint that Judge Stevens acted purely in his adjudicatory role when presiding over the litigation involving the Plaintiffs. As such, he is absolutely immune from liability under Section 1983. See In re The Justices of the Supreme Court of Puerto Rico, 695 F.2d 17, 22-23 (1st Cir. 1982).

Judicial immunity is unavailable only where the judicial officer acts in a non-judicial context or in a clear absence of any cognizable jurisdiction. Mireles v. Waco, 502 U.S. 9, 11 (1991); Slotnik v. Garfinkle, 632 F.2d 163, 166 (1st Cir. 1980). An allegation that a judge acted merely in excess of his jurisdiction, however, is insufficient to abrogate immunity. Slotnik v. Garfinkle, 632 F.2d at 166. The fact that Plaintiffs state in conclusory fashion throughout their complaint that the Probate Court and Judge Stevens "were devoid of ... subject-matter jurisdiction over the matters," see, e.g., Complaint at ¶ 14, does not allow them to unilaterally abrogate Judge Stevens' judicial immunity. Slotnik, 632 F.2d at 166., n. 1 (various counts in complaint alleged judicial defendant acted "without jurisdiction or authority," but this must be read "in the context of the complaint as a whole, which does not seriously question the jurisdiction of any of the defendants."). Therefore, Judge Stevens is immune from any and all civil liability in this matter.

To the extent that Plaintiffs' complaint may be read as seeking only injunctive relief and not monetary damages, their position is not improved. At one time, judicial immunity pertained

only to monetary damages. See, e.g., Pulliam v. Allen, 466 U.S. 522, 536-37 (1984) (judicial immunity did not extend to claims for injunctive relief). In October 1996, however, 42 U.S.C. § 1983 was amended to restore absolute immunity and legislatively reverse Pulliam. See S. Rep. No. 104-366, reprinted in 1996 U.S.C.C.A.N. 4202, 4217; Kampler v. Scullin, 989 F.Supp. 194, 201 (N.D.N.Y. 1997). As amended, 42 U.S.C. § 1983 bars injunctive relief "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983 (1998 Supp.).[6] The Plaintiffs do not allege that a declaratory decree was violated or that declaratory relief was unavailable. Judge Stevens, therefore, is absolutely immune from injunctive relief and the claim against him must be dismissed.[7]

## CONCLUSION

For the foregoing reasons, this motion to dismiss should be allowed.

---

[6]   42 U.S.C. § 1983 was amended by the Federal Courts Improvement Act of 1996, Pub.L. No. 104-317, § 309(c), 110 Stat. 3853.

[7]   Judicial immunity entitles Judge Stevens to "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (emphasis in original).

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

_/s/ David Hadas_
David Hadas, BBO No. 641294
Assistant Attorney General
Government Bureau
One Ashburton Place, Rm. 2019
Boston, MA 02108-1698
(617) 727-2200, ext. 2085

**Date: February 22, 2005**

### L.R. 7.1(A)(2) Certificate

The dispositive nature of this motion makes agreement among the parties unlikely. Therefore, the undersigned counsel respectfully requests dispensation from the ordinary duty to confer imposed by Local Rule 7.1(A)(2), to the extent that requirement extends to matters in which the non-moving party is not represented by counsel. See LR 7.1(A)(2) ("No motion shall be filed unless counsel certify that they have conferred . . .") (emphasis added).

_/s/ David Hadas_
David Hadas, BBO No. 641294

---

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 2/22/05.

_/s/ David Hadas_

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHALUPOWSKI
　　　　　　　Plaintiff(s)

v.                                    CIVIL ACTION NO. 04-11277-GAO

BERRY
　　　　　　　Defendant(s)

### JUDGMENT IN A CIVIL CASE

O'TOOLE    , D.J.

☐ **Jury Verdict.** This action came before the court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by the Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED**

that defendant's motion to dismiss ( # 3) is GRANTED. No timely opposition to the motion having been received, after review of the motion and grounds presented, the motion to dismiss is granted substantially for the reasons argued by the defendant in the motion ( # 3). The action is dismissed with prejudice.

　　　　　　　　　　　　　　　　　　　TONY ANASTAS,
　　　　　　　　　　　　　　　　　　　CLERK OF COURT

Dated: 9/10/04                    By    Paul S. Lyness
　　　　　　　　　　　　　　　　　　　　　Deputy Clerk

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Civil Docket: 04-11277-GAO

FEB 02 2005

CHESTER J. CHALUPOWSKI, Jr. et al.
　　　　　　Plaintiffs

v.

JANIS M. BERRY, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY
AS ASSOCIATE JUSTICE OF THE
APPEALS COURT OF MASSACHUSETTS
　　　　　　Defendant

## NOTICE OF APPEAL

Notice is hereby given that Chester and Malgorzata Chalupowski, Plaintiffs in the above named case, hereby appeal to the United States Court of Appeals for the First Circuit from the Order entered in this action on the 19th day of January 2005.

/Chester J. Chalupowski, Jr. Pro Se
/Malgorzata Chalupowski, Pro Se
119 Water Street, #65
Beverly, MA 01915
(978) 921 4945

January 28, 2005

# *EXHIBIT C*

**Westlaw.**

Not Reported in F.Supp.  
1998 WL 283574 (N.D.Cal.)  
**(Cite as: 1998 WL 283574 (N.D.Cal.))**

Page 1

H  
Only the Westlaw citation is currently available.

United States District Court, N.D. California.  
Joseph MCINERNEY, Plaintiff,  
v.  
Hon. David GARCIA, et al. Defendants.  
**No. C 97-3352 SI.**

May 26, 1998.

ORDER OF DISMISSAL

ILLSTON, District J.

*1 On May 22, 1998, the Court held a hearing on defendants' motion to dismiss. Plaintiff failed to appear at the hearing. Having considered the papers submitted by plaintiff and defendants' counsel, the Court hereby GRANTS the defendants' motion.

BACKGROUND  
Plaintiff filed this action, pro se and *in forma pauperis,* under §§ 1981, 1983, 1985(2) and (3), and 1986 on September 11, 1997. Plaintiff alleges that the defendants have deprived him of his constitutional rights, including his right to petition the government for redress of grievances, access to the courts, equal protection and procedural due process. *See* Complaint ¶ 2. Plaintiff seeks monetary, declaratory and injunctive relief. *See id.* ¶ 2.

Defendant David Garcia is a San Francisco Superior Court judge. Plaintiff alleges that the remaining individual defendants are past or present employees of the City and County of San Francisco.

The basis of plaintiff's complaint appears to be allegations concerning conduct by the City Attorney and Judge Garcia during various lawsuits brought by plaintiff in state court. Plaintiff claims that defendants, for example, "engaged in abusive discovery proceedings of confidential medical records," *id.* ¶ 20, and "maintain[ed] the malicious prosecution of the defense of those actions brought against them ...." *Id.* On September 11, 1996, plaintiff alleges, defendants "caused through their noncommunicative conduct and fraud upon the court and with the collusion of the court itself through defendant the Honorable David Garcia the dismissal of plaintiff's action in San Francisco Superior Court upon an affirmative defense not specifically pleaded by defendant City and County of San Francisco and its attorneys, the doctrine of res judicata and its component collateral estoppel." *Id.* ¶ 21. "Judge Garcia conspired with defendants to sign the Order Dismissing the action without affording plaintiff his right to approve the language of such order itself which then exceeded the scope of the tentative ruling." *Id.* ¶ 22.

DISCUSSION  
Defendants argue that (1) plaintiff's allegations concerning Judge Garcia must be dismissed because Judge Garcia has absolute immunity for his judicial acts; (2) defendant Eugene Perez should be dismissed as a defendant because the complaint makes no factual allegations against him; (3) plaintiff's conspiracy claim based on communications between counsel for San Francisco and Judge Garcia is barred by California's litigation privilege; (4) plaintiff's general conspiracy allegations fail to state a claim on which relief can be granted; (5) plaintiff has failed to state a claim for municipal liability under section 1983; (6) the complaint fails to allege fraud with sufficient particularity; and (7) San Francisco is immune from suit for actions taken to prosecute a judicial proceeding.

Plaintiff argues that Judge Garcia may be held liable for his alleged collusion with the City Attorney because his acts were "extra-judicial": he argues that Judge Garcia cannot be immune because his communications with defense counsel were not related to plaintiff's litigation but rather were part of the conspiracy against him. Included in this conspiracy, plaintiff claims, were two state appellate judges. Plaintiff reiterates in a supplement to his opposition that a conspiracy against him

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
1998 WL 283574 (N.D.Cal.)
**(Cite as: 1998 WL 283574 (N.D.Cal.))**

Page 2

existed.

**\*2** For the reasons provided by defendants, the Court agrees that plaintiff's case must be dismissed for failure to state claims on which relief could be granted. Judge Garcia is entitled to absolute judicial immunity from plaintiff's action, and this immunity cannot be defeated by framing Judge Garcia's ruling against plaintiff as an "extra-judicial" conspiracy. *See Moore v. Brewster,* 96 F.3d 1240, 1244 (9th Cir.1996)("Nor is judicial immunity lost by allegations that a judge conspired with one party to rule against another party ...."). The Court also concurs that defendants' alleged communications are protected by the litigation privilege contained in Cal. Civil Code § 47(b). And plaintiff's remaining allegations, particularly those related to an alleged conspiracy under § 1985(3) and municipal liability under § 1983, are so vague that the Court concludes plaintiff may not proceed on his complaint.

In actuality, plaintiff, deemed a vexatious litigant in state court, appears to be pursuing an appeal of a state court's dismissal of a lawsuit. That dismissal was upheld on appeal. *See* Motion App. B. [FN1] Plaintiff's attempt to recharacterize actions by the defense counsel and the judge in that case as an "extra-judicial" "conspiracy" does not change the fact that the present case amounts to a federal appeal of a state judgment, after state appeals were unsuccessful.

> FN1. Plaintiff sued many of the same defendants in that state court action, arguing that defendants had wrongly disclosed plaintiff's psychiatric records in an earlier litigation brought by plaintiff.

This Court of course lacks jurisdiction to hear such an appeal. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923) (federal courts lack jurisdiction to review state court decisions); Erwin Chemerinsky, *Federal Jurisdiction* 779 (1994) ("A litigant in a state court generally may secure federal court review of the state court's judgments and proceedings only by first exhausting all available appeals within the state system and then seeking review of the final judgment in the United States Supreme Court.").

CONCLUSION

For the above reasons, and those stated in defendants' papers, plaintiff's complaint is dismissed with prejudice in its entirety.

IT IS SO ORDERED.

1998 WL 283574 (N.D.Cal.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.