**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL DOCKET #05-10023-NMG**

**CHESTER J. CHALUPOWSKI, Jr.**
**MALGORZATA B. CHALUPOWSKI**
                    **Plaintiffs**

**v.**

**JOHN C. STEVENS, III, INDIVIDUALLY**
**AND IN HIS OFFICIAL CAPACITY OF THE**
**CHIEF JUSTICE OF THE PROBATE AND**
**FAMILY COURT OF ESSEX COUNTY**
                    **Defendant**

**PLAINTIFFS' OPPOSITION**
**TO DEFENDANT'S MOTION TO DISMISS**

The Plaintiffs, Chester and Malgorzata Chalupowski,
hereby oppose Defendant's Motion to Dismiss their
Complaint.

As grounds for their opposition, the Plaintiffs state
as follows: contrary to the Defendant's assertion, (1) this
Court does have subject-matter jurisdiction over the issues
presented in the Complaint; and (2) Defendant does not have
absolute immunity because his acts are outside of his
sanctioned duties and inflict direct injury upon others.

1

Also contrary to the Defendant's false assertion,
Plaintiffs do not allege "error" on the part of Defendant,
John C. Stevens, "in handling of this litigation."
What Plaintiffs in fact allege is a series of illegal acts
committed and/or facilitated by the Defendant who was
knowingly handling cases which were dismissed, appealed and
pending before a different state court. Filing a notice of
appeal divests a trial court of jurisdiction over matters
related to appeal. Therefore, the Essex Probate and Family
Court, and Defendant himself, were devoid of the
jurisdiction over the matters which were the subject of the
dismissed and appealed cases. Nevertheless, the Essex
Probate Court and Defendant personally continued to handle
the dismissed and appealed cases as if they were still
pending before the court. Consequently, a fraudulent scheme
disguised as legitimate court proceedings has been
perpetrated for over three years. As a result, the
Plaintiffs suffered damages specified in their Complaint.

The Probate Court file is full of documents evidencing
the fact that Defendant was handing the dismissed and
appealed cases. True copies of several examples are
attached here to as: Exhibit 1 - Notices of Appeal dated
December 21, 2001; Exhibit 2 - Trial Date Notices issued by
the Probate Court dated 8-20-2002, 7-2-2003, and 9-3-2003;

3

Exhibit 3 - Essex Probate Court Notices of Assembly of Record dated 1-17-2003; Exhibit 4 - Orders signed by Defendant dated 2-24-2003, and 2-26-2003; Exhibit 5 - Appeals Court Notice of docketing the appeal dated 2-13-2003; Exhibit 6 - Essex Probate Court Daily Roster dated January 22, 2004 scheduling a "pre-trial conference" in cases dismissed in December 2001.

Contrary to Defendant's assertion, the "gravamen" of the Plaintiffs' complaint is not the "propriety of various orders and judgments" issued by the Defendant. The essence of the complaint is the fact that for over three years, the Defendant has been sustaining the scheme and issuing various orders and judgments while having no legal right to deal with cases dismissed and appealed in December 2001 and pending before another court.

On page 5 of his Motion, Defendant cites (and attaches as Exhibit C) an unpublished decision in *McInerney v. Garcia*, 1998 WL 283574 (N.D.Cal.) purporting that said case is relevant to the action at hand. Nothing could be further from the truth. An attempt to liken the Plaintiffs in the instant action to the plaintiff in *McInerney* (an apparently mentally unstable individual, "deemed a vexatious litigant") is not only dishonest and intentionally misleading but simply insulting.

4

## ARGUMENT

I.   **Jurisdiction in this Court is not barred by the Rooker-Feldman Doctrine, therefore Fed. R. Civ. P. 12(b)(1) and 12(h)(3) are not applicable.**

The Defendant contends that this Court does not have jurisdiction under the Rooker-Feldman doctrine. Defendant is mistaken, as this case falls squarely within three well-recognized exceptions to Rooker-Feldman.

**A. The Rooker-Feldman Doctrine Does Not Apply to Cases Involving Parties Who Were Not Parties in the State Court Action.**

The Rooker-Feldman abstention doctrine bars a party who lost in state court from seeking in federal district court what in substance would be appellate review of the state court judgment. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The proper course of action in such cases is for the party to appeal the state court judgment, through a petition for a writ of certiorari to the United States Supreme Court. As a result, Rooker-Feldman simply does not apply to cases involving parties who were not involved in the state court proceedings. *Johnson v. De Grandy*, 512 U.S. 997,

5

1006 (1994); *Southern California Edison Co. v. Lynch*, 307
F. 3d 794, 805 (9th Cir. 2002). In *Johnson*, the Supreme
Court held that Rooker-Feldman did not prevent the United
States from bringing suit challenging the effects of a
judgment of a state court, because "the United States was
not a party in the state court. It was in no position to
ask this Court to review the state court's judgment and
has not directly attacked it in this proceeding."
*Johnson*, 512 U.S. at 1006.

It is well settled that Rooker-Feldamn applies only
when the party against whom the doctrine is invoked was a
party to the state court proceedings which the federal
court is being asked in substance to review. *Johnson v.
Rodrigues*, 226 F.3d 1103, 1109 (10th Cir. 2000) ("[T]he
Rooker-Feldman doctrine should not be applied against
non-parties.").

The instant complaint is brought by two individuals -
Chester J. Chalupowski, Jr. and Malgorzata B.
Chalupowski. Malgorzata B. Chalupowski was not a party to
the proceedings filed with the state court, and therefore
could not have appealed its ruling. Therefore, Rooker-
Feldman doctrine clearly does not bar the Plaintiffs from
pursuing this action.

6

**B. Rooker-Feldman Doctrine Does Not Bar Jurisdiction if a Federal Plaintiff Asserts as a Legal Wrong an Allegedly Illegal Act or Omission by an Adverse Party.**

A second exemption to Rooker-Feldman abstention is also applicable here. "If a federal plaintiff asserts as a legal wrong an allegedly illegal (emphasis added) act or omission by an adverse party, Rooker-Feldman does not bar jurisdiction. A general formulation of Rooker-Feldman and clarification of the scope of the doctrine is set forth in *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). As cited in *Maldonado v. Harris*, 370 F.3d 945 (9th Cir. 2004); "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, Rooker-Feldman bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, Rooker-Feldman does not bar jurisdiction. When we apply the *Noel* formulation of the Rooker-Feldman doctrine to the facts of this case, it becomes clear that the doctrine does not deprive the district court of jurisdiction over any of the Plaintiffs' claims.

The legal wrong that Plaintiffs assert in this action is not an erroneous decision by the state court, but the fact that the state court did not have jurisdiction to issue any decisions, whatsoever, as it acted on cases dismissed, appealed, and pending before another state court. In other words, Plaintiffs assert as a legal wrong "an allegedly illegal act … by an adverse party." *Noel*, 341 F.3d at 1164. Under these circumstances, *Noel* makes clear that Rooker-Feldman does not apply. As it is clearly indicated in paragraphs #13, 14, 15, 19, 20, 21, and 26, of the Plaintiffs' Complaint, Plaintiffs assert a number of illegal acts committed by the Defendant under color of official right.

## C. Rooker-Feldman Does Not Apply When the Federal Issues Were Not Raised in the State Court Proceedings.

A third exemption to Rooker-Feldman abstention is also applicable here. The doctrine does not bar federal court actions raising federal claims that were not litigated in the state court proceedings. As the Supreme Court noted in *Rooker* itself, the abstention is only applicable to bar claims that "actually arose" in the state court action, for which there was a full hearing and where the judgment was responsive in the issues.

As it is succinctly summarized in *Todd v. Weltman*, C-1-03-171, S.D. Ohio 2004, federal Circuits have repeatedly concluded that Rooker-Feldman does not apply "where federal plaintiffs have not been given a reasonable opportunity to raise their federal claims in the state proceedings." See *Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir. 2004) (citing cases). See also *Peterson Novelties, Inc. v. City of Berkley*, 305 F. 3d 386, 393 (6th Cir. 2002) (noting without question district court's application of rule that Rooker-Feldman applies "where the party against whom the doctrine is being applied had the opportunity to raise the issue [in] a prior state court proceeding, and the issue was adjudicated in the prior state court proceeding") (citation and quotation marks omitted); *In Re Stoddard*, 248 B.R. 111, 121, (N.D. Ohio 2000) (Rooker-Feldman does not apply if "there was no reasonable opportunity to raise the claim at issue").

All the cases cited by the Defendant are not relevant here, as they deal with actions involving legitimate court proceedings at the state court level. In the case at hand we are dealing with a fraudulent scheme aptly disguised as legitimate litigation.

In conclusion, Rooker-Feldman Doctrine does not apply in the instant case.

**II. Defendant Does Not Have Absolute Immunity Because His Acts are Outside of His Sanctioned Duties and Inflict Direct Injury Upon Others. Therefore Fed. Rule Civ. P. 12(b)(6) does not apply here.**

Defendant claims in his Response that the Plaintiffs' complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) since he falls within absolute judicial immunity. Plaintiffs disagree. Absolute judicial immunity cannot apply here because Defendant is acting outside the scope of his sworn duties while inflicting direct harm upon others.

As stated in *Barret v. Harrington*, 130 F.3d 246 (6th Cir. 1997), "For centuries, the cloak of absolute judicial immunity has shielded judges from claims pertaining to actions they have taken in discharging their official duties. Judicial immunity originated in Tenth Century, 'as a device for discouraging collateral attacks and thereby helping to establish appellate procedures as the standard system for correcting judicial error.' *Forrester v. White*, 484 U.S. 219, 108 S. Ct. 538, 543 (1988) (*citing* Block, *Stump v. Sparkman and the History of Judicial Immunity*, 1980 Duke L.J. 879). *See also,* Shaman, Lubet, & Alfini, *Judicial Conduct and Ethics 2d.,* pp. 490-91 (1995). The modern justification for the grant of immunity is to

10

preserve the independence of the judiciary by allowing
judges to rule without fear of recourse. [...]

Despite the reverence for judicial immunity, the Supreme
Court has been 'quite sparing' in their recognition of the
doctrine of absolute immunity, and has refused to extend it
any 'further than its justification would warrant,' *Burns
v. Reed*, 500 U.S. 478, 486, 111 S. Ct. 1934, 1939 (1991)
(*citing Harlow v. Fitzgerald,* 457 U.S. 800, 811, 102 S.Ct.
2727, 2734 (1982), and furthermore, 'the official seeking
the immunity bears the burden of showing that such immunity
is justified for the function in question.' *Buckley v.
Fitzsimmons*, 509 U.S.259, 269, 113 S.Ct. 2606, 2613 (1993)
(*citing Burns v. Reed*, 500 U.S. at 486, 111 S.Ct. at 1939;
*Antoine v. Byers & Anderson, Inc.,* 508 U.S.429, 432, and n.
4, 113 S.Ct. 2167 (1993)."

It is true that once immunity is established, it is not
overcome by allegations of bad faith or malice.


Immunity is overcome, however, in two instances:
**(1)** A judge is not immune from liability for non-judicial
actions, i.e., actions not taken in the judge's judicial
capacity.
The Supreme Court has established a two-prong test to
determine whether an act is "judicial."

11

> (a) First, the court must consider whether
> the function is "normally performed by
> a judge." *Stump v. Sparkman*, 435 U.S.
> 349, 362, 98 S.Ct. 1099, 1107 (1978)
>
> (b) Second, the court "must assess whether
> the parties dealt with the judge in
> his or her judicial capacity."
> *Ireland*, 113 F.3d at 1441 (*citing*
> *Stump,* 435 U.S. at 362, 98 S.Ct. at
> 1107-08).

**(2)** A judge is not immune for actions, though judicial in
nature, taken in complete absence of all jurisdiction.
*Mireles v. Waco*, 509 U.S. at 11-12, 112 S.Ct. 288 (*cites
omitted*).

Grounds for immunity are no absolute, and the well-
recognized exceptions are directly applicable in the case
at hand. When we apply the above specified standards to the
instant case, it becomes clear that Defendant cannot enjoy
the benefits of absolute judicial immunity.

Contrary to Defendant's assertions made in his
Response, page 7, the Plaintiffs in their Complaint
seriously question the jurisdiction of the Defendant in a
very specific (not "conclusory") fashion.

Filing a notice of appeal divests the trial court of jurisdiction over the matters subject of the appeal. As discussed above and evidenced by the Exhibits 1-6 attached hereto, Defendant for over three years was handling cases which were dismissed, appealed and pending before the Appeals Court, thus outside of jurisdiction of the Essex Probate Court. Thus, Defendant's actions fall squarely within the standard (2) "a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction."

In addition, when we apply standard (1) (a) to the instant case, we have to pose a basic question whether handling and trying cases dismissed and pending on appeal before another court is an action "normally performed by a judge." It clearly is not. If it were, we would have to abolish appellate courts and defy the very need for the appellate procedures.

Indeed, if the rule of absolute immunity was "designed to protect the integrity of the judicial process," the absolute immunity cannot be afforded to individuals who blatantly violate the very integrity of the judicial process by ignoring its basic rules of jurisdiction.

Strict standards of jurisdiction have long and well established tradition in the American law. As it is stated

13

in the 1853 case, *United States v. Dawson et al.,* 56 U.S.
467 (1853), if "courts had no jurisdiction, their decisions
are absolutely void, confer no right, bar no right, and all
concerned in executing them were trespassers; for such are
the consequences of decisions and sentences of courts not
having jurisdiction." (*citing* Elliot v. Piersol, 1 Peters,
340; Wise v. Withers, 3 Cranch, 337; Rose v. Himely, 4
Cranch, 269.

Considering the above, it is Plaintiffs' assertion
that the Defendant, as a trespasser of the law, cannot
enjoy the benefits of absolute judicial immunity.

## III. Plaintiffs Have Stated Valid Federal Claims.

For the reasons stated in Plaintiffs' complaint,
Plaintiffs have stated valid federal claims. The
Defendant's contention to the contrary is false.

As stated in *Berner v. Delahanty*, 129 F. 3d 20 (1ˢᵗ
Cir. 1997), "To establish that a dispute qualifies as an
Article III 'case' or 'controversy,' enabling it to obtain
a federal court audience, the party seeking to invoke
federal jurisdiction must first demonstrate that (1) he or
she personally has suffered some actual or threatened
injury as a result of the challenged conduct; (2) the

14

injury can fairly be traced to that conduct; and (3) the injury likely will be redressed by a favorable decision from the court." Plaintiffs can easily demonstrate that all three conditions are met in the instant action.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss should be DENIED.

Respectfully submitted

Chester J. Chalupowski, Jr.
Malgorzata B. Chalupowski
119 Water Street, #65
Beverly, MA 01915
(978) 921 4945

Date: March 8, 2005

## REQUEST FOR ORAL ARGUMENT

Plaintiffs respectfully request the matter be set down for hearing at such time as this Honorable Court deems proper.

Chester J. Chalupowski                    Malgorzata Chalupowski

15

**CERTIFICATE OF SERVICE**

We, Chester and Malgorzata Chalupowski, hereby certify that on this date a true copy of the foregoing document was served by delivery upon Counsel for Defendant.

Chester J. Chalupowski, Jr.          Malgorzata Chalupowski

March 8, 2005

# EXHIBIT 1



Commonwealth of Massachusetts

Probate and Family Court

ESSEX Division                              Docket No.94 P 0314 C1

In Re:
The Matter of the                                    : I L E D DEC 2 1 2001
Chalupowski Family Realty Trust


### Notice of Appeal


Donna M. Chalupowski, gives notice that she appeals to the Appeals Court the
Judgment of this Court(Stevens J.) dated , December 14, 2001 denying Motion for New
Trial and Amend of Judgment.


Dated: December 21, 2001                    Respectfully submitted,
                                            Donna M. Chalupowski
                                            By Her Attorney


                                            Joseph P. Corona
                                            B.B.O.No.100360
                                            265 ESSEX Street
                                            Salem, Massachusetts 01970
                                            978 744-8851


### Certificate of Service


I, Joseph P. Corona, hereby certify that on this date a true copy of the foregoing
Notice of Appeal was served by mail, postage prepaid, upon the attorneys of
record for each party, or upon each party.

Dated: December 21, 2001

                                            Joseph P. Corona

Commonwealth of Massachusetts

Probate and Family Court

ESSEX Division

Docket No. 94 P 0314 C1

In Re:
The Matter of the
Chalupowski Family Realty Trust

FILED DEC 21 2001

## Notice of Appeal

Donna M. Chalupowski, gives notice that she appeals to the Appeals Court the Judgment of this Court (Stevens J.) dated February 13, 2001.

Dated: December 21, 2001

Respectfully submitted,
Donna M. Chalupowski
By Her Attorney

Joseph P. Corona
B.B.O.No.100360
265 ESSEX Street
Salem, Massachusetts 01970
978 744-8851

## Certificate of Service

I, Joseph P. Corona, hereby certify that on this date a true copy of the foregoing Notice of Appeal was served by mail, postage prepaid, upon the attorneys of record for each party, or upon each party.

Dated: December 21, 2001

Joseph P. Corona

## Commonwealth of Massachusetts

## Probate and Family Court

ESSEX Division                    Docket No.00E 0126 GC1

F I L E D  DEC 2 1 2001

Donna M. Chalupowski
            Plaintiff

v.                                                    Notice of Appeal

Chester J. Chalupowski Jr.
Individually and as Trustee of
26 Through 30 Andrew Street Realty Trust
            Defendant

Donna M. Chalupowski, gives notice that she appeals to the Appeals Court the Judgment of this Court(Stevens J.) dated , December 14, 2001 allowing the Motion to Dismiss.

Dated: December 21, 2001                    Respectfully submitted,
                                            Donna M. Chalupowski
                                            By Her Attorney

                                            Joseph P. Corona
                                            B.B.O.No.100360
                                            265 ESSEX Street
                                            Salem, Massachusetts 01970
                                            978 744-8851

### Certificate of Service

I, Joseph P. Corona, hereby certify that on this date a true copy of the foregoing Notice of Appeal was served by mail, postage prepaid, upon the attorneys of record for each party, or upon each party.

Dated: December 21, 2001

                                            Joseph P. Corona

17

Commonwealth of Massachusetts    FILED DEC 2 1 2001

Probate and Family Court

ESSEX Division                    Docket No.01E 0005 GC1

Petition of Donna M. Chalupowski
To Remove Mary Jane Chalupowski and
Judith Venuto Chalupowski, as Trustees and          **Notice of Appeal**
Chester J. Chalupowski, Jr. as Manager of
the Chalupowski Realty Trust

Donna M. Chalupowski, gives notice that she appeals to the Appeals Court the
Judgment of this Court(Stevens J.) dated , December 14, 2001 allowing the Motion to
Dismiss.

Dated: December 21, 2001              Respectfully submitted,
                                      Donna M. Chalupowski
                                      By Her Attorney

                                      Joseph P. Corona
                                      B.B.O.No.100360
                                      265 ESSEX Street
                                      Salem, Massachusetts 01970
                                      978 744-8851

**Certificate of Service**

I, Joseph P. Corona, hereby certify that on this date a true copy of the foregoing
Notice of Appeal was served by mail, postage prepaid, upon the attorneys of
record for each party, or upon each party.

Dated: December 21, 2001

                                      Joseph P. Corona

**EXHIBIT 2**



COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
PROBATE AND FAMILY COURT DEPARTMENT

ESSEX, SS.                              DOCKET NO. *94P0314C1*
                                        *012 00056C*
_Chalupowski, Et_ _____ Plaintiff   *00E0126*
                                          *00E0127*

                      _v_                        TRIAL DATE NOTICE

_____ Defendant

        The pending _Accts/Remove Trustee_ is assigned for TRIAL on _Feb. 25+26, 2003_
at ___9:00___ at ✓Salem __ Lawrence __ Newburyport (Probate session at District Court)

        ✓ Upon information contained in the trial date request form, this case has been classified as
✓CONTESTED __ UNCONTESTED, and has been allocated ___2 Days___ trial time.

Do not call the trial department for a continuance.    A written motion MUST be presented.

If the Probation Department has conducted an investigation, please notify them of the
hearing date.

____ A current financial statement is required at the time of trial.
____ Form R408 MUST be filled in and filed with the Court
____ If the pending matter is a divorce and there are minor children, a certificate of
       completion of the Parent Education Program MUST be filed by both parties PRIOR
       to trial or a divorce CANNOT be granted.

ATTORNEYS OR LITIGANTS (IF NOT REPRESENTED BY COUNSEL) MUST CALL
THE TRIAL DEPARTMENT ONE WEEK PRIOR TO THE TRIAL DATE TO REPORT
THE STATUS OF THE CASE AND MUST IMMEDIATELY NOTIFY THE TRIAL
DEPARTMENT IF THE CASE IS SETTLED.

To: _S. Meyers_
    _K. Stamnsen_
    _J. Corong_
    _J. Venuti_                          Notice sent: _8/29_ 2002



## COMMONWEALTH OF MASSACHUSETTS
### THE TRIAL COURT
### PROBATE AND FAMILY COURT DEPARTMENT

*94P0314C1*

ESSEX, SS.                                    DOCKET NO. *00E0126 6C*
                                                         *00E01276C*
*Chalupowski Family Trust* ~~Plaintiff~~                 *01E 0005 6C*

v.                                    <u>TRIAL DATE NOTICE</u>

_____ ~~Defendant~~

The pending *Removal, Costs, fees + all matters* is assigned for TRIAL on *Nov. 25 + 26, 2023*
at *9:00* at ✓ Salem  ~~Lawrence~~  ~~Newburyport (Probate session at District Court)~~

✓ Upon information contained in the trial date request form, this case has been classified as
✓ CONTESTED __ UNCONTESTED, and has been allocated *2 Days* trial time.

Do not call the trial department for a continuance.   A written motion MUST be presented.

If the Probation Department has conducted an investigation, please notify them of the
hearing date.

____ A current financial statement is required at the time of trial.
____ Form R408 <u>MUST</u> be filled in and filed with the Court
____ If the pending matter is a divorce and there are minor children, a certificate of
      completion of the Parent Education Program <u>MUST</u> be filed by both parties <u>PRIOR</u>
      to trial or a divorce CANNOT be granted.


<u>ATTORNEYS OR LITIGANTS (IF NOT REPRESENTED BY COUNSEL) MUST CALL
THE TRIAL DEPARTMENT ONE WEEK PRIOR TO THE TRIAL DATE TO REPORT
THE STATUS OF THE CASE AND MUST IMMEDIATELY NOTIFY THE TRIAL
DEPARTMENT IF THE CASE IS SETTLED.</u>

To: *J. Welch*        *J. Corona*
    *J. Meyers*       *J. Erlich*
    *J. Veguto*
    *D. Chalupowski*             Notice sent: *7/2* / 2003
    *G. Chalupowski*
    *G. Induici*

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
PROBATE AND FAMILY COURT DEPARTMENT

ESSEX, SS.                              DOCKET NO. *94P0314C1*
                                                  *00E0126 GC1*
*Chalupowski Family Trust* ~~Plaintiff~~          *00E0127GC*
                                                  *01E0005GC* ✓
                    v.
                                        TRIAL DATE NOTICE

_____ ~~Defendant~~

    The pending *Removal, Acct, fees + all matters* is assigned for TRIAL on *Nov. 25 + 26, 2003*
at *Salem* at ✓ Salem __ ~~Lawrence __ Newburyport (Probate session at District Court)~~

    Upon information contained in the trial date request form, this case has been classified as
✓ CONTESTED __ UNCONTESTED, and has been allocated *2 Day* trial time.

**Do not call the trial department for a continuance.  A written motion MUST be presented.**

**If the Probation Department has conducted an investigation, please notify them of the
hearing date.**

____ A current financial statement is required at the time of trial.
____ Form R408 **MUST** be filled in and filed with the Court
____ If the pending matter is a divorce and there are minor children, a certificate of
      completion of the Parent Education Program **MUST** be filed by both parties **PRIOR**
      to trial or a divorce CANNOT be granted.

**ATTORNEYS OR LITIGANTS (IF NOT REPRESENTED BY COUNSEL) MUST CALL
THE TRIAL DEPARTMENT ONE WEEK PRIOR TO THE TRIAL DATE TO REPORT
THE STATUS OF THE CASE AND MUST IMMEDIATELY NOTIFY THE TRIAL
DEPARTMENT IF THE CASE IS SETTLED.**

To: *J. Valet*
    *J. Meyers*
    *V. Venuto*
    *D. Chalupowski*
    *C. Chalupowski*
    *J. Correa*
    *G. Erlich*

Notice sent: *9* / *3* / 2003

# EXHIBIT 3



# COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT
## THE PROBATE AND FAMILY COURT DEPARTMENT

**ESSEX DIVISION**          **DOCKET NO.** 01E0005GC1
                                            00E0126GC1
**REGISTER'S OFFICE**                        00E0127GC1
                                            94P0314 – CROSS REF.

**DATE:** JANUARY 17, 2003

IN RE: THE MATTER OF THE CHALOPOWSKI REALTY TRUST          Plaintiff

<strong>VS.</strong>

Defendant

# Notice of Assembly of Record of Appeal

In accordance with Rules of Appellate Procedure, Rule 9, subsection (b) notice this day has been sent to the Clerk of the Supreme Judicial Court/Appeals Court for the Commonwealth along with two certified copies of the docket entries. Record has been fully Assembled in the office of the Register of Probate for Essex County.

In accordance with Rules of Appellate Procedure, Rule 10, subsection (a) and (b), the appealing party must enter the case in the Supreme Judicial Court/Appeals Court for Commonwealth within ten (10) days of receipt of this notice.

THIS NOTICE DOES NOT CONSTITUTE ENTRY IN THE SUPREME JUDICIAL COURT/APPEALS COURT FOR THE COMMONWEALTH.

Kim J. Wright, Assistant Register



# COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT
## THE PROBATE AND FAMILY COURT DEPARTMENT

**ESSEX DIVISION**                    DOCKET NO. 01E0005GC1

                                                                   00E0126GC1
                    **REGISTER'S OFFICE**              00E0127GC1 ✓
                                                                   94P0314 – CROSS REF.

                              DATE: JANUARY 17, 2003

IN RE: THE MATTER OF THE CHALOPOWSKI REALTY TRUST        Plaintiff

## VS.

_____Defendant

## Notice of Assembly of Record of Appeal

In accordance with Rules of Appellate Procedure, Rule 9, subsection (b) notice this day has been sent to the Clerk of the Supreme Judicial Court/Appeals Court for the Commonwealth along with two certified copies of the docket entries. Record has been fully Assembled in the office of the Register of Probate for Essex County.

In accordance with Rules of Appellate Procedure, Rule 10, subsection (a) and (b), the appealing party must enter the case in the Supreme Judicial Court/Appeals Court for Commonwealth within ten (10) days of receipt of this notice.

THIS NOTICE DOES NOT CONSTITUTE ENTRY IN THE SUPREME JUDICIAL COURT/APPEALS COURT FOR THE COMMONWEALTH.

_____
Kim J. Wright, Assistant Register



# COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT
## THE PROBATE AND FAMILY COURT DEPARTMENT

ESSEX DIVISION                    DOCKET NO. 01E0005GC1
                                              00E0126GC1
                    REGISTER'S OFFICE          00E0127GC1
                                              94P0314 - CROSS REF. ✓

                        DATE: JANUARY 17, 2003

IN RE: THE MATTER OF THE CHALOPOWSKI REALTY TRUST          Plaintiff

                        VS.

_____Defendant

## Notice of Assembly of Record of Appeal

In accordance with Rules of Appellate Procedure, Rule 9, subsection (b) notice this day has been sent to the Clerk of the Supreme Judicial Court/Appeals Court for the Commonwealth along with two certified copies of the docket entries. Record has been fully Assembled in the office of the Register of Probate for Essex County.

In accordance with Rules of Appellate Procedure, Rule 10, subsection (a) and (b), the appealing party must enter the case in the Supreme Judicial Court/Appeals Court for Commonwealth within ten (10) days of receipt of this notice.

THIS NOTICE DOES NOT CONSTITUTE ENTRY IN THE SUPREME JUDICIAL COURT/APPEALS COURT FOR THE COMMONWEALTH.

_____
Kim J. Wright, Assistant Register

# COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT
## THE PROBATE AND FAMILY COURT DEPARTMENT

ESSEX DIVISION                    DOCKET NO. 01E0005GC1

00E0126GC1
00E0127GC1
94P0314 – CROSS REF.

REGISTER'S OFFICE

DATE: JANUARY 17, 2003

IN RE: THE MATTER OF THE CHALOPOWSKI REALTY TRUST _____ Plaintiff

## VS.

_____ Defendant

# Notice of Assembly of Record of Appeal

In accordance with Rules of Appellate Procedure, Rule 9, subsection (b) notice this day has been sent to the Clerk of the Supreme Judicial Court/Appeals Court for the Commonwealth along with two certified copies of the docket entries. Record has been fully Assembled in the office of the Register of Probate for Essex County.

In accordance with Rules of Appellate Procedure, Rule 10, subsection (a) and (b), the appealing party must enter the case in the Supreme Judicial Court/Appeals Court for Commonwealth within ten (10) days of receipt of this notice.

THIS NOTICE DOES NOT CONSTITUTE ENTRY IN THE SUPREME JUDICIAL COURT/APPEALS COURT FOR THE COMMONWEALTH.

Kim J. Wright, Assistant Register

# EXHIBIT 4

91

## COMMONWEALTH OF MASSACHUSETTS

ESSEX DIVISION                          PROBATE AND FAMILY COURT
                                        DOCKET NO.  94P 0314-C1
                                              00E 0126-GC1
                                              00E 0127-GC1
                                              01E 0005-GC1

IN RE:  Chalupowski Realty Trust
        Chalupowski Family Trust and
        26-30 Andrew Street Realty Trust


## ORDER ON MOTION FOR CONTINUANCE OF TRIAL DATE


Chester J. Chalupowski, Jr., through his new counsel, Lindsey Marie Straus, Esquire, moved for continuance of the trial date.  Because this matter has been pending for a lengthy period of time, the trial has been scheduled for approximately five months and no other trials are scheduled for the two days assigned to this trial, it is further **ORDERED** that:

1)  Judith may take the deposition of Chester on February 25, 2003 commencing at 8:30 a.m. at the office of Attorney Meyers.

2)  Counsel for the parties shall meet on February 25, 2003 to comply with paragraph 2) of the order of this Court of January 15, 2003.

3)  Except as provided above, the motion to continue the trial is denied.  The trial shall commence at 9:00 a.m. on February 26, 2003 at Salem.

4)  Except as otherwise provided herein, all prior orders of this Court now in effect are ratified and confirmed.


February 24, 2003

                                        John C. Stevens, III., Justice
                                        Essex Probate and Family Court

# COMMONWEALTH OF MASSACHUSETTS

ESSEX DIVISION

PROBATE AND FAMILY COURT
DOCKET NO.  94P 0314-C1
                          00E 0126-GC1
                          00E 0127-GC1
                          01E 0005-GC1

IN RE:  Chalupowski Realty Trust
           Chalupowski Family Trust and
           26-30 Andrew Street Realty Trust

## ORDER

This case was called for trial on February 26, 2003 on the petitions to remove Chester Chalupowski as trustee of the Chalupowski Family Trust and as trustee of the 26-30 Andrew Street Trust.

Counsel for the parties reported that after lengthy settlement negotiations, they had reached the essential terms of an overall settlement which would resolve all matters between the parties including those now on appeal.   An outline of the terms of settlement was read into the record.  However, in order to effectuate the settlement contemplated, the parties will need to continue to address numerous details.  Further, a guardian-ad-litem may be necessary to protect the interests of Mary Jane Chalupowski.

Accordingly, it is **ORDERED** that:

1) The Court will hear a motion for appointment of a guardian-ad-litem to represent the interests of Mary Jane Chalupowski on Monday, March 10, 2003 provided, however, that if all parties are able to stipulate to the provisions for such appointment prior to that date, the Court will adopt the stipulation without the necessity of the appearance of the parties or counsel.

2) This matter shall be reviewed on **Thursday, April 3, 2003 at 9:00 a.m. at Salem.** At that time, it is contemplated that the parties will have a final agreement, failing which the Court may reassign all pending matters for trial.

3) Except as otherwise provided herein, all prior orders of this Court now in effect are ratified and confirmed.

February 26, 2003

John C. Stevens, III, Justice
Essex Probate and Family Court

**EXHIBIT 5**

COMMONWEALTH OF MASSACHUSETTS

**APPEALS COURT**
**CLERK'S OFFICE**
1500 NEW COURT HOUSE
BOSTON, MASSACHUSETTS 02108
(617) 725-8106

Essex County Probate and Fam. Ct
Office of the Register
36 Federal Street
Salem, MA 01970

RE:  No. 2003-P-0217

DONNA M. CHALUPOWSKI
        vs.
JUDITH CHALUPOWSKI VENUTO & another

Lower Court Docket number: 94P0314C1
                    01E0005GC1, 00E0126GC1, 00E0127GC1

NOTICE OF ENTRY

In accordance with Massachusetts Rule of Appellate Procedure
10(a)(3), please note that the above-referenced case was entered in
this Court on February 13, 2003.

                    Very truly yours,

                    The Clerk's Office

Dated: February 13, 2003

# EXHIBIT 6

# Commonwealth of Massachusetts
## Trial Court of the Commonwealth
### Probate and Family Court Department
### Essex Division
*For Internal Use Only For January 22, 2004*

| Time: 08:30 a.m | Location: Salem Pre-Trial Session | | Judge: DiGangi, H | |
|---|---|---|---|---|
| **Docket No.** | **Case Name** | **Attorneys** | **Type of Action** | **Notes** |
| 00E0126GC1 | CHALUPOWSKI, DONNA M.<br>vs.<br>CHALUPOWSKI, CHESTER J. JR.<br>CHALUPOWSKI, CHESTER J. JR. as | CORONA, J.<br><br>Pro Se<br>STAMMEN, K. | STATUS CONFERENCE, General Complaint | |
| 00E0127GC1 | CHALUPOWSKI, DONNA M.<br>vs.<br>CHALUPOWSKI, CHESTER J. JR.<br>CHAL-VENUTO, JUDITH M. | CORONA, J.<br><br>TEWHEY, J.<br>Pro Se | STATUS CONFERENCE, General Complaint | |
| 01E0005GC1 | CHALUPOWSKI, DONNA M.<br>vs.<br>CHALUPOWSKI, JUDITH VENUTO<br>CHALUPOWSKI, CHESTER J. JR.<br>CHALUPOWSKI, MARY JANE | CORONA, J.<br><br>MEYERS, S.<br>Pro Se | STATUS CONFERENCE, General Complaint | |
| 94P0314C1 | CHALUPOWSKI, MARY JANE<br>CHALUPOWSKI, DONNA<br>CHALUPOSKI, CHESTER J. , et al. | <br>CORONA, J.<br>Pro Se | STATUS CONFERENCE, Conservatorship | |

| Time: 09:00 a.m | Location: Salem Trial Session | | Judge: DiGangi, H | |
|---|---|---|---|---|
| **Docket No.** | **Case Name** | **Attorneys** | **Type of Action** | **Notes** |
| 91D2460DV1 | VITALE, GLORIA J.<br>vs.<br>HOLLIS, WILLIAM P. | DALTON, S.<br><br>Pro Se | CONTESTED TRIAL, Divorce | |