UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-10023-NMG

CHESTER J. CHALUPOWSKI, JR., and
MALGORZATA B. CHALUPOWSKI,

Plaintiffs,

v.

JOHN C. STEVENS, III, Individually and in his official capacity as the Chief Justice of the Probate and Family Court of Essex County,

Defendant.

**DEFENDANT JOHN C. STEVENS, III'S MOTION FOR PROTECTIVE ORDER QUASHING AND/OR STAYING ALL DISCOVERY PURSUANT TO RULE 26(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE
(EXPEDITED DETERMINATION REQUESTED)**

Defendant John C. Stevens, III, the First Justice of the Massachusetts Probate and Family Court (the "Probate Court") in Essex County, moves, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for an Order quashing and/or staying all discovery in this matter until this Court rules on his Motion To Dismiss.[1] In particular, Judge Stevens seeks a protective order preventing plaintiffs from taking his deposition noticed for May 19, 2005. A Copy of the deposition notice is attached hereto as Exhibit A.

As set forth in Judge Stevens' Motion to Dismiss, this action is barred by the Rocker-Feldman doctrine as well as Judge Stevens' entitlement to absolute judicial immunity. Given these well-established legal doctrines, this action attacking a state court judgment is obviously

---

[1] Judge Stevens filed his Motion to Dismiss on February 22, 2005 and plaintiffs filed an opposition on or about March 8, 2005.

frivolous.[2] This Court has broad discretion to stay discovery pending a ruling on a dispositive motion. See, e.g., Bettencourt v. Board of Registration in Medicine, 721 F. Supp. 382, 383 (D. Mass. 1989), aff'd, 904 F.2d 772 (1st Cir. 1990). "[S]uch a procedure is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." Coastal States Gas Corp. v. Dept. of Energy, 84 F.R.D. 278, 282 (D. Del.1979). Judge Stevens' Motion to Dismiss, if granted, will be dispositive of all claims asserted in this action. Therefore, it is "eminently logical" to excuse Judge Stevens, at least temporarily, from the expense and burden of having to comply with discovery and/or automatic disclosure requirements prior to the Court's ruling on the Motion to Dismiss.

Moreover, Judge Stevens' assertion of absolute judicial immunity makes a protective order staying all discovery particularly appropriate. Absolute immunity is intended to protect the government and its officials from the cost of trial and the burdens of discovery. See Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982). A court should therefore resolve the dispositive issue of such immunity before allowing discovery to proceed. See Hegarty v. Somerset County, 25 F.3d 17, 18 (1st Cir. 1994) ("The immunity from suit includes protection from the burdens of discovery.").

## CONCLUSION

For the foregoing reasons, Judge Stevens respectfully requests that this Court issue a

---

[2] The plaintiffs have also filed separate actions in the United States District Court (D. Mass.) against Janis M. Berry, an Associate Justice of the Massachusetts Appeals Court, and Peter C. DiGangi, a Circuit Justice of the Probate Court, related to the same underlying state-court litigation. Both of those cases have been dismissed. See Order on Defendant's Motion to Dismiss entered in Chalupowski v. DiGangi, C.A. 05-10024 (Stearns, J.), attached hereto as Exhibit B; Judgment in Civil Case entered in Chalupowski v. Berry, C.A. 04-11277 (O'Toole, J.), attached hereto as Exhibit C.

protective order quashing and/or staying all discovery in this action until such time as this Court has ruled on his Motion to Dismiss.

                                        Respectfully submitted,

                                        THOMAS F. REILLY
                                        ATTORNEY GENERAL

                                          _____
                                        David Hadas, BBO No. 641294
                                        Assistant Attorney General
                                        Government Bureau
                                        One Ashburton Place, Rm. 2019
                                        Boston, MA 02108-1698
                                        (617) 727-2200, ext. 2085

**Date: May 13, 2005**

## L.R. 7.1(A)(2) Certificate

      The dispositive nature of this motion makes agreement among the parties unlikely. Therefore, the undersigned counsel respectfully requests dispensation from the ordinary duty to confer imposed by Local Rule 7.1(A)(2), to the extent that requirement extends to matters in which the non-moving party is not represented by counsel. See LR 7.1(A)(2) ("No motion shall be filed unless <u>counsel</u> certify that they have conferred . . .") (emphasis added).

                                                            _____
                                                           David Hadas

**CERTIFICATE OF SERVICE**

I, David Hadas, Assistant Attorney General, hereby certify that on May 10, 2005, I caused a copy of the foregoing to be served by first class mail, postage prepaid, upon the following persons:

>Chester J. Chalupowski, Jr.
>Malgortza B. Nabialvzyk
>119 Water Street, #65
>Beverly, MA 01915

_____
David Hadas

**Date: May 13, 2005**

RECEIVED

MAY 10 2005

OFFICE OF THE ATTORNEY GENERAL
ADMINISTRATIVE LAW DIVISION

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL DOCKET #2005-10023


CHESTER J. CHALUPOWSKI, Jr.
et al.
        Plaintiffs

v.


JOHN C. STEVENS
        Defendant


TO:  Attorney David Hadas
     Assistant Attorney General
     Office of Attorney General
     Commonwealth of Massachusetts
     One Ashburton Place
     Boston, MA 02108


### NOTICE OF TAKING DEPOSITION

Please be advised that at 9:00 AM, on Thursday, May 19, 2005, at the Office of Copley Court Reporters, Inc., located at 101 Tremont Street, Suite 500 in Boston, Massachusetts, the Plaintiffs will take the deposition upon oral examination of Defendant, John C. Stevens, III, pursuant to the Federal Rules of Civil Procedure 30 (a)(1)(b)(1), before a notary public in and for the Commonwealth of Massachusetts, or before some officer authorized by law to administer oaths. The oral examination will continue day to day until completed.

You are invited to attend and cross-examine.


Respectfully submitted Pro Se

1

Chester J. Chalupowski, Jr.
Malgorzata Chalupowski
119 Water Street, #65
Beverly, MA 01915
(978) 921 4945

May 6, 2005

**CERTIFICATE OF SERVICE**

We, Chester and Malgorzata Chalupowski, hereby certify that on this date a true copy of the within document was served upon the Counsel for Defendant, via priority mail, postage prepaid.

_____          _____
Chester Chalupowski                 Malgorzata Chalupowski

May 6, 2005

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10024- RGS

CHESTER J. CHALUPOWSKI, JR., and
MALGORZATA B. CHALUPOWSKI

v.

PETER C. DIGANGI, Individually and
in his official capacity as Associate Justice
of the Probate and Family Court of Essex County

ORDER ON DEFENDANT'S
MOTION TO DISMISS

March 14, 2005

STEARNS, D.J.

The motion to dismiss will be ALLOWED. A federal district court has no power to sit in direct review of state court decisions, even where constitutional error is alleged. Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1933). Among the federal courts, only the Supreme Court of the United States has the jurisdiction to invalidate state civil judgments. Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir. 2003). See also Wang v. New Hampshire Bd. of Registration in Medicine, 55 F.3d 698, 703 (1st Cir. 1995). The Rooker-Feldman doctrine also precludes review of federal claims that are "inextricably intertwined" with claims adjudicated in state court. Sheehan v. Marr, 207 F.3d 35, 40 (1st Cir. 2000). "It is not necessary that the federal action formally seek to invalidate the state judgment; it is enough if the federal action would in substance defeat or negate a state judgment, for example if 'the federal claim succeeds only to the extent that the state court wrongly decided the issues before

it.'" Mandel, 326 F.3d at 271. A second, equally compelling ground for dismissal lies in the fact that the defendant, a Justice of the Probate and Family Court, enjoys absolute immunity from suit for acts undertaken pursuant to his adjudicatory function. Mireles v. Waco, 502 U.S. 9, 12-13 (1991) (per curiam).

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CHALUPOWSKI
          Plaintiff(s)

v.

CIVIL ACTION NO. 04-11277-GAO

BERRY
          Defendant(s)

### JUDGMENT IN A CIVIL CASE

O'TOOLE, D.J.

☐ **Jury Verdict.** This action came before the court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

X **Decision by the Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED**

that defendant's motion to dismiss ( # 3) is GRANTED. No timely opposition to the motion having been received, after review of the motion and grounds presented, the motion to dismiss is granted substantially for the reasons argued by the defendant in the motion ( # 3). The action is dismissed with prejudice.

          TONY ANASTAS,
          CLERK OF COURT

Dated: 9/10/04          By    Paul S. Lyness
                                          Deputy Clerk

(Judgment Civil.wpd - 11/98)          DOCKETED          [jgm.]

