UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL DOCKET #05-10023-NMG

CHESTER J. CHALUPOWSKI, Jr.
MALGORZATA B. CHALUPOWSKI
           Plaintiffs

v.

JOHN C. STEVENS, III, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY OF THE
CHIEF JUSTICE OF THE PROBATE AND
FAMILY COURT OF ESSEX COUNTY
           Defendant

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION
FOR PROTECTIVE ORDER QUASHING AND/OR STAYING ALL DISCOVERY**

    The Plaintiffs, Chester and Malgorzata Chalupowski, hereby oppose Defendant's Motion for Protective Order Quashing and/or Staying All Discovery.

    As grounds for their opposition, Plaintiffs state as follows:

1. Contrary to Defendant's assertion, this action is <u>not</u> barred by the Rooker-Feldman Doctrine. As stated in the Plaintiffs' Opposition to Defendant's Motion to Dismiss filed with this Court on March 9, 2005, the Rooker-Feldman doctrine: (a) does not apply to cases involving parties who were not parties in the state

1

court action; (b) does not bar jurisdiction if a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party; and (c) does not apply when the federal issues were not raised in the state court proceedings.

2. Contrary to Defendant's assertion, Defendant is <u>not</u> entitled to absolute judicial immunity. As stated in the Plaintiffs Opposition to Defendant's Motion to Dismiss, Defendant does not have absolute immunity because his acts are outside of his sanctioned duties and inflict direct injury upon others.

3. Contrary to Defendant's false statement, this action is not attacking a state court judgment. This action stems from the fact that Defendant acted outside of the jurisdiction of his court, since matters he was handling were dismissed, appealed, and pending before a different state court.

4. Therefore, the "well-established legal doctrines" which are referred to in the Defendant's instant motion do <u>not</u> apply in the action at hand.

5. The action at hand is <u>not</u> frivolous. The Plaintiffs have stated valid federal claims. In fact, the Defendant's insistence to the contrary is frivolous.

6. In addition, while mentioning two other cases brought by the Plaintiffs against two other state judges, the Defendant provides incomplete, in fact misleading information. While stating that these cases were dismissed, the Defendant fails to acknowledge the fact that the dismissals were appealed, and both of these cases are now pending before the United States Court of Appeals.[1]

7. On May 10, 2005, the Plaintiffs filed with this Court their Automatic Initial Disclosure Pursuant to Local Rule 26.2 (B) (1) and should be permitted to conduct their discovery.

## CONCLUSION

For the reasons stated above, the Plaintiffs respectfully request that this Court deny Defendant's motion for protective order.

---

[1] The U.S. Court of Appeals Briefing Notice in the case Chalupowski v. DiGangi (#05-10024-RGS/05-1516) is attached hereto as Exhibit A. As far as the case Chalupowski v. Berry (04-11277-GAO/05-1193), is concerned, the May 11, 2005, Order of the U.S. Court of Appeals, attached hereto as Exhibit B, indicates that the Defendant/Appellee in said case, Judge Janis M. Berry, represented by the Office of Attorney General of the Commonwealth of Massachusetts, filed a noncompliant brief, and was ordered to file a conforming brief by May 23, 2005.

Respectfully submitted Pro Se

Chester J. Chalupowski
Malgorzata B. Chalupowski
119 Water Street, #65
Beverly, MA 01915
(978) 921 4945

Dated: May 16, 2005

**CERTIFICATE OF SERVICE**

We, Chester and Malgorzata Chalupowski, hereby certify that on this date the foregoing document was served upon the Counsel for Defendant by delivery to his place of business.

Chester Chalupowski                    Malgorzata Chalupowski

# UNITED STATES COURT OF APPEALS

## FOR THE FIRST CIRCUIT

---

No. 05-1516
     CHESTER J. CHALUPOWSKI, JR.; MALGORZATA B. CHALUPOWSKI

                    Plaintiffs - Appellants

                               v.

     PETER C. DIGANGI, Individually and in his Official
     Capacity as Associate Justice of the Probate and
                Family Court of Essex County

                      Defendant - Appellee

---

**Briefing Notice**
**Entered: 4/11/05**

     The record on appeal now being complete with the filing of the transcripts and/or the Transcript Report/Order Form, the appellant's brief must be filed by 5/23/05. Unless appellant is proceeding in forma pauperis, an appendix also must be filed by 5/23/05.

     The deadlines for filing appellee's brief and appellant's reply brief shall run in accordance with Fed. R. App. P. 31 and Loc. R. 31. Counsel are advised that extensions of time are normally not allowed without timely motion for good cause shown.

     The parties should particularly review the following Federal and Local Rules of Appellate Procedure:

| | |
|---|---|
| Loc. R. 28 | An addendum must be attached to appellant's brief. Addendum must contain a copy of each judgment, order, or ruling being appealed, along with any supporting opinion, memorandum issued by the judge or magistrate judge. Please note that if the appeal is from a decision reviewing an underlying agency, bankruptcy, or state court decision, the underlying decision must also be included. |
| Loc. R. 11 and 28.1 | Briefs are public documents and will not be sealed absent timely motion. Documents that are transmitted to this court under seal, such as presentence reports, must not be included in an addendum or appendix. In addition, pursuant to a directive of the Administrative Office of the United States Courts, a statement of reasons in a criminal case is treated as a non-public document. Briefs and appendices including such materials will be rejected as noncompliant. However, these materials may be filed in a seperate volume clearly marked "SEALED". |
| FRAP 32(a)(5) | Acceptable typeface for briefs:<br>    Proportional typeface: 14 point Times New Roman |

|   |   |
|---|---|
| | or CG Times; or<br>Monospaced typeface: 12 point Courier or New Courier. Sans-serif font, such as Arial, may not be used. |
| FRAP 32(a)(7) | If principal brief exceeds 30 pages or reply brief exceeds 15 pages, brief must include a certificate of compliance with type-volume limitations. |
| FRAP 32(a)(2) | Except for filings by pro se parties, the cover of appellant's brief must be blue; the appellee's, red; and any reply brief, gray. The cover of the appendix must be white. |
| FRAP 31(b)<br>Loc. R. 31(b) | Number of Copies:<br>  <u>Parties not proceeding in forma pauperis:</u> 9 paper copies and a disk containing the entire contents of the brief. 5 paper copies of the appendix.<br>  <u>Parties represented by court-appointed counsel:</u> 4 paper copies and a disk containing the entire contents of the brief. An appendix is NOT required.<br>  <u>Pro se parties proceeding in forma pauperis:</u> 4 paper copies. An appendix is NOT required |
| Loc. R. 32 | One copy of the brief, cover-to-cover, must be filed on a 3 1/2" disk in either DOS WordPerfect or WordPerfect for Windows, 5.1 or greater. |
| FRAP 30<br>Loc. R. 30 | The appendix must be page numbered and contain a table of contents. If the parties are unable to agree as to the contents of the appendix, they must follow the procedure outlined in Fed. R. App. P. 30(b) and Local Rule 30(b). |

The First Circuit Rulebook, which contains the Federal Rules of Appellate Procedure, the Local Rules, and the Court's Internal Operating Procedures, is available on the Court's website at www.ca1.uscourts.gov. **PLEASE NOTE THAT THE COURT'S WEBSITE ALSO CONTAINS TIPS ON FILING BRIEFS AND APPENDICES, INCLUDING A CHECKLIST OF WHAT YOUR BRIEF MUST CONTAIN.**

**PLEASE BE AWARE THAT FAILURE TO FILE A BRIEF IN COMPLIANCE WITH THE FEDERAL AND LOCAL RULES MAY RESULT IN THE REJECTION OF THE BRIEF AND MAY LEAD TO DISMISSAL OF THE APPEAL.** See Local Rules 3 and 45.

Richard Cushing Donovan, Clerk

cc:   Chester J. Chalupowski Jr.
      Malgorzata B. Chalupowski
      David Hadas

# United States Court of Appeals
## For the First Circuit

No. 05-1193

CHESTER J. CHALUPOWSKI, JR., Individually and as
Trustee and Beneficiary of the Chalupowski Family
Trust and 26-30 Andrew Street Realty Trust;
MALGORZATA B. NABIALCZYK

Plaintiffs - Appellants

v.

JANIS M. BERRY, Individually and in her Official
Capacity as Associate Justice of the Appeals
Court of Massachusetts

Defendant - Appellee

**ORDER OF COURT**
Entered: May 11, 2005

Appellee Janis M. Berry's brief and disk were filed on May 10, 2005 are noncompliant with the following Federal Rules of Appellate Procedure and/or Local Rules of this Court:

- **Fed. R. App. P. 28(b)**, requiring that the appellee's brief contain, under appropriate headings and in the order indicated by the rule: a summary of the argument, which must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief, and which must not merely repeat the argument headings. **Appellee's brief does not contain a summary of the argument.**

- **Local Rule 32**, requiring that one copy of the brief, cover to cover, be submitted on a 3 1/2" disk, in either DOS WordPerfect or WordPerfect for Windows, 5.1 or greater. **Appellee's disk does not contain the appellee's summary of the argument.**

Appellee is ordered to file a conforming brief and disk by **May 23, 2005**. Two copies of the corrected brief must be served upon the opposing parties. The due date for the appellant's reply brief shall run from service of the corrected brief, in accordance with Fed. R. App. P. 31. Appellee's nonconforming brief and disk will be held at the clerk's office until **May 23, 2005**, should the filer who submitted them wish to make arrangements to have them returned.

By the Court:

Richard Cushing Donovan, Clerk

By: __**MARGARET CARTER**__
     Chief Deputy Clerk.

[cc: Chester J. Chalupowski, Malgorzata B. Nabialczyk, David Hadas, AAG]