UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL DOCKET #2005-10023-NMG

CHESTER J. CHALUPOWSKI, Jr.
et al.
        Plaintiffs

v.

JOHN C. STEVENS
        Defendant

### PLAINTIFFS' MOTION FOR FINDING OF CONTEMPT AND SANCTIONS AGAINST SHARON D. MEYERS

Pursuant to Rule 45(e) of Federal Rules of Civil Procedure, the Plaintiffs, Chester and Malgorzata Chalupowski, hereby request this Court to find Sharon D. Meyers, of 30 Federal Street, Salem, Massachusetts, in contempt of court for failing to obey a deposition subpoena, and to enter sanctions against her including but not limited to an order (1) requiring her to appear for the deposition by a date certain; (2) establishing a fine of $500 per day if she fails to appear by the date certain, and (3) assessing costs against her for the missed deposition. As grounds for this Motion, the Plaintiffs state the following:

1

1. On May 6, 2005, the Plaintiffs served a deposition subpoena on Sharon D. Meyers requiring her to appear for a deposition on May 17, 2005, at 9:00 AM. A copy of the deposition subpoena and the return of service are annexed hereto.

2. Ms. Meyers failed to appear for the deposition, as did Attorney David Hadas, Counsel for the Defendant, who was served with a Notice of Deposition, a copy of which is annexed hereto.

3. Accordingly, Ms. Meyers had notice of the deposition and willfully disobeyed it, and should be found in contempt of court.

4. The Plaintiffs wish to bring to this Court's attention the fact that the witness, Sharon D. Meyers, has a history of avoiding and/or failing to appear for a lawfully scheduled deposition. The Plaintiffs attempted to depose this witness in two related state court actions. Between August 2004 and January 2005, on at least six occasions, the witness, Sharon D. Meyers, managed to avoid her deposition.

5.       The Plaintiffs request this Court to enter a sanction against Ms. Meyers for her contempt of court including, but not limited to an order (1) requesting her to appear for the deposition be a date certain; (2) establishing a fine of $500 per day if she fails to appear by that date certain, and (3) assessing costs against her for the missed deposition.

Respectfully submitted Pro Se


Chester J. Chalupowski, Jr.
Malgorzata Chalupowski
119 Water Street,#65
Beverly, MA 01915
(978) 921 4945



May 17, 2005

### CERTIFICATE OF SERVICE

We, Chester and Malgorzata Chalupowski, hereby certify that on this date a true copy of the within document was served upon Sharon D. Meyers, 30 Federal Street, Salem MA 01970, and upon the Counsel for Defendant, via first class mail, postage prepaid.

Chester Chalupowski                    Malgorzata Chalupowski

**Essex County Sheriff's Department** • PO Box 2019 • Salem, MA 01970 • 978-750-1900 ext. 3590

Essex, ss.

May 10, 2005

I hereby certify and return that on 5/6/2005 at 11:55 AM I served a true and attested copy of the deposition subpoena in this action in the following manner: To wit, by delivering in hand to Andrew Myers, agent, person in charge at the time of service for Sharon D. Meyers, 30 Federal Street Salem MA 01970 . Basic Service Fee ($30.00), Conveyance ($1.50), Travel ($9.60), Postage and Handling ($1.00), Copies ($5.00), Witness Fee ($44.50) Total Charges $91.60

Deputy Sheriff James St. Pierre                                                                Deputy Sheriff

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          SIGNATURE OF SERVER _____
                    DATE

**EXHIBIT 1** 5/17/05

ADDRESS OF SERVER _____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____

| CHALUPOWSKI et al. | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| JOHN C. STEVENS, III | Case Number:[1] 2005-10023-NMG |

TO: Sharon D. Meyers
30 Federal Street
Salem, MA 01970

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Copley Court Reporting, Inc. 101 Tremont Street, Suite 500, Boston, MA | DATE AND TIME  5/17/2005 9:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all pleadings and correspondence related to the Chalupowski matter sent, received and/or filed by you in any and all of the courts of the Commonwealth of Massachusetts

| PLACE  Copley Court Reporting, Inc. 101 Tremont Street, Suite 500, Boston, MA 02108 | DATE AND TIME  5/17/2005 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *[signature]* Chalupowski; Pro Se | DATE  5/5/2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Chester and Malgorzata Chalupowski, Pro Se
119 Water Street, #65; Beverly, MA 01915, (978) 921 4945

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL DOCKET #2005-10023


CHESTER J. CHALUPOWSKI, Jr.
et al.
          Plaintiffs

v.

JOHN C. STEVENS
          Defendant


TO:  Attorney David Hadas
     Assistant Attorney General
     Office of Attorney General
     Commonwealth of Massachusetts
     One Ashburton Place
     Boston, MA 02108


### NOTICE OF TAKING DEPOSITION

Please be advised that at 9:00 AM, on Tuesday, May 17, 2005, at the Office of Copley Court Reporters, Inc., located at 101 Tremont Street, Suite 500 in Boston, Massachusetts, the Plaintiffs will take the deposition upon oral examination of Sharon D. Meyers, pursuant to the Federal Rules of Civil Procedure 30 (a)(1)(b)(1), before a notary public in and for the Commonwealth of Massachusetts, or before some officer authorized by law to administer oaths. The oral examination will continue day to day until completed.

You are invited to attend and cross-examine.


Respectfully submitted Pro Se

1

Chester J. Chalupowski, Jr.
Malgorzata Chalupowski
119 Water Street,#65
Beverly, MA 01915
(978) 921 4945

May 6, 2005

CERTIFICATE OF SERVICE

We, Chester and Malgorzata Chalupowski, hereby certify that on this date a true copy of the within document was served upon the Counsel for Defendant, via priority mail, postage prepaid.

Chester Chalupowski                    Malgorzata Chalupowski

May 6, 2005

**U.S. Postal Service Delivery Confirmation Receipt**

Postage and Delivery Confirmation fees must be paid before mailing.

Article Sent To: (to be completed by mailer)

*Att David Hadas*
*Office of Att General*
*One Ashburton Pl.*
*Boston MA 02108*

DELIVERY CONFIRMATION NUMBER: 0302 0960 0001 2305 1442

Postmark Here

POSTAL CUSTOMER:
Keep this receipt. For Inquiries:
Access internet web site at
www.usps.com
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)
☑ Priority Mail®
☐ Package Services
(See Reverse)

PS Form 152, January 2001